**Louren WOOD, Plaintiff–Appellant,**

v.

**William WEBSTER, Attorney General of the State of Missouri, Defendant–Respondent.**

**No. WD 40340.**

Missouri Court of Appeals, Western District.

Oct. 4, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Application for Transfer Sustained Jan. 17, 1989.

Case Retransferred June 13, 1989.

Court of Appeals Opinion Readopted June 20, 1989.

1. All statutory references are to RSMo 1986.

James W. Gallaher, Bushmann, Neff & Gallaher, Jefferson City, for plaintiff-appellant.

Curtis F. Thompson, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

PER CURIAM.

Louren Wood instituted an action against the Attorney General concerning his dismissal from employment. Count I alleged breach of contract based on the terms of a personnel manual and Count II alleged a violation of the State Personnel Law set forth in Chapter 36, RSMo 1986.[1] The circuit court entered summary judgment in favor of the Attorney General on both counts. Wood appeals Count II only.

We affirm.

Wood served as an Assistant Attorney General for twenty years, from June 8, 1967, through June 30, 1987. In a letter dated May 6, 1987, the Attorney General cited the reason for termination as Wood's disclosure of confidential information. Denying the grounds of dismissal, Wood sought and received administrative review in conformity with the provisions of the personnel manual.

In his sole point, Wood argues that summary judgment was inappropriate because the Attorney General failed to provide a post-termination hearing as required by § 36.390.8. Wood acknowledges that § 27.020.1, authorizes the Attorney General to appoint assistant attorneys general and provides that the assistant attorneys general hold their office at the pleasure of the Attorney General. However, Wood contends that the State Personnel Law in Chapter 36 controls in his case.

Wood notes that § 36.390.5 accords state merit employees the right to an evidentiary hearing before termination from employ-

ment and that § 36.390.8 requires non-merit state agencies to adopt appeal provisions similar to those in § 36.390.5. Relying upon § 36.390.8, Wood asserts that the Attorney General is a non-merit state agency, but has failed to adopt the requisite post-discharge hearing procedure. Wood insists that as an employee of a non-merit state agency he was wrongfully denied a post-termination hearing.

Wood contends that §§ 27.020.1 and 36.-390.8 deal with the same subject matter and are irreconcilably repugnant. According to Wood's reasoning, § 36.390.8 should prevail in his case because it is the latter enacted statute and repeals by implication § 27.020.1

We reject Wood's argument. Unquestionably applicable to the instant matter is § 27.020.1 which specifically authorizes the attorney general to appoint assistant attorneys general to hold office at his pleasure. Where one statute deals with the subject in general terms and another in specific terms, the two should be harmonized when reasonable; but to the extent of any discord between them, the definite statement prevails. *Westbrook v. Board of Education of the City of St. Louis*, 724 S.W.2d 698, 700–01 (Mo.App.1987).

Under this rule the provision of § 27.020 prevails. The Attorney General was authorized to terminate Wood at any time. The Attorney General was not required to adopt a post-discharge hearing procedure when his assistants hold their office at the will of the Attorney General. The result is that the Attorney General was entitled to terminate Wood at any time without giving him a hearing after his termination under § 27.020.1.

The record before us reveals no genuine issue of material fact and that the Attorney General is entitled to judgment as a matter of law. The summary judgment is, therefore, affirmed.