Madonna J. LAWS, Appellant,

v.

SECRETARY OF STATE,
et al., Respondents.

No. WD 49870.

Missouri Court of Appeals,
Western District.

Jan. 10, 1995.

As Modified Feb. 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1995.

Application to Transfer Denied
April 25, 1995.

Tom Mendelson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald Molteni, Janet Sievert, Asst. Attys. Gen., Jefferson City, for respondents.

Before FENNER, C.J., and HANNA and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

The key issue before the Court on this appeal is whether the Secretary of State's office is an "agency" or "agency of the state" as those terms are used in subsections 36.390(7), (8) RSMo 1986 of the State Personnel Law.[1] If so, then subsections 36.390(7) and (8) required the Secretary of State to establish and comply with the procedures governing appeals of dismissals of merit employees set out in section 36.390(5), or to adopt substantially similar appeal procedures for its employees except those employees who are in policymaking and certain other positions not relevant here. We find that the Secretary is subject to the requirements of section 36.390, and remand for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-appellant Madonna J. Laws was employed by the Secretary of State as Director of Field Operations in the Secretary's St. Louis office. She had been hired for that position by Secretary of State Roy D. Blunt in July 1990. A new Secretary of State, Judith Moriarty, was elected in November 1992 and sworn in on January 11, 1993. On

---

1. The Act was formerly referred to as the State Merit System Act. All references to this and other statutes are to RSMo 1986 unless otherwise stated.

March 9, 1993, Secretary Moriarty sent Ms. Laws a letter stating Ms. Laws would be dismissed effective April 1, 1993. As the reason for the dismissal the Secretary's letter stated in relevant part:

> Your position is one that requires a close and confidential relationship and a very high level of trust on my part. I need in that position someone of whose dedication to my success I have no reservations. This is principally because that individual will be managing my office day-to-day in St. Louis, serving a large metropolitan business community. Neither I nor my senior staff will be able to monitor the office as closely as we do the operations in Jefferson City.

> Further, as you note in your letter, we will be working toward expanding the office in St. Louis which will entail providing even more discretionary authority to the director.

> I have concluded that the Director of Field Operations position requires that exercise of judgement [sic], provides advice to me personnally [sic], and represents this office at a distant location. This makes each of these positions subject to my appointment of individuals upon whose dedication to my success I can depend.

Ms. Laws was dismissed as set forth in the letter. She received no pre-termination or post-termination hearing within the Secretary of State's office. She filed an Application for Appeal to the Personnel Advisory Board of the Office of Administration, alleging that she was fired for political reasons rather than for considerations of efficiency or the good of the service, in violation of subsection 36.390(5).

Ms. Laws admits that the Secretary of State's office is not a merit agency, and hence is required to offer the appeals procedures set out in subsection 36.390(5), or substantially similar procedures, only if the Secretary of State's office is considered a non-merit agency subject to the provisions of subsections 36.390(7) or (8). Ms. Laws alleges, however, that the latter two subsections do apply to the Secretary of State. They state as follows:

7. The provisions for appeals provided in subsection 5 for dismissals of regular merit employees may be adopted by non-merit agencies of the state for any or all employees of such agencies.

8. Agencies not adopting the provisions for appeals provided in subsection 5 shall adopt dismissal procedures substantially similar to those provided for merit employees. However, these procedures need not apply to employees in policymaking positions, or to members of military or law enforcement agencies, or to employees of academic institutions.

§ 36.390(7), (8).

Subsection 36.390(9) further provides that any dismissal hearing held under the above provisions "shall be deemed to be a contested case and the procedures applicable to the processing of such hearings and determinations shall be those established by chapter 536, RSMo." § 36.390(9). Chapter 536 sets forth the Missouri Administrative Procedure Act ("APA").

Ms. Laws also alleged that firing her for such political reasons violated her rights under the First and Fourteenth Amendments to the United States Constitution and under the Missouri Constitution, article 1, sections 8 and 10.

The Secretary of State moved to dismiss Ms. Laws' appeal. The Secretary asserted that the Personnel Advisory Board had no jurisdiction over the appeal. The Secretary noted that her office had failed to adopt either the procedures set out in subsection (5), or its own procedures for appeals. This admittedly constitutes a failure to comply with the statute if the statute applies to the Secretary of State's office. The Secretary of State argued, however, that, as an elected official, her office did not constitute an "agency" at all and thus was not subject to subsections 36.390(7) or (8). Thus, the Secretary claimed that her office did not need to provide *any* appeals procedure.

The Secretary alternatively argued that, even if it should have adopted an appeals procedure, it had in fact not adopted the merit appeals procedure set out in subsection (5), and thus the Personnel Advisory Board

did not have jurisdiction over Ms. Laws' appeal.

The Personnel Advisory Board dismissed Ms. Laws' appeal on the latter basis, stating:

> The Secretary of State, being an agency other than one of the agencies specified by 36.030, RSMo [merit agencies], must adopt the Board's appeal procedures before the Board has authority to hear an appeal from an employment dismissal by the Secretary of State.

Ms. Laws appealed to the circuit court, which affirmed the Board's dismissal of the appeal for lack of jurisdiction. It did so on the first basis argued by the Secretary, *e.g.,* that elected officials such as the Secretary of State are not "agencies" or "agencies of the State" as used in subsections (7) and (8) of section 36.390, and the Missouri APA gives the Board jurisdiction only of appeals by employees of merit agencies and those non-merit agencies which have adopted the provisions for appeal used by the merit agencies. The circuit court therefore dismissed the appeal, concluding "Chapter 36 does not confer jurisdiction on the Personnel Advisory Board to hear appeals from employees of elected officials."

We reverse. We hold that the Secretary of State's office is an "agency" as that term is used in subsection (8), and is an "agency of the state" as that term is used in subsection (7). We further agree with Ms. Laws that the clear intent of subsections (7) and (8), when read together, is that an agency must adopt its own procedures for appeal under subsection (8) or else it will be subject to subsection 36.390(5)'s procedures for merit employees as if it had adopted them. Inasmuch as the Secretary of State's office has failed to adopt its own procedures, the procedures for merit appeals set out in subsection 36.390(5) will apply to Ms. Laws, and the Personnel Board has jurisdiction of her appeal.

## II. ANALYSIS

■ The determinative question is whether the Secretary of State's office is an "agency" as that term is used in subsection 36.390(8), and whether it is an "agency of the state" as that term is used in subsection 36.390(7). A similar issue as to whether the Attorney General's office is an agency was raised in *Wood v. Webster,* 772 S.W.2d 1 (Mo.App.1988). However, because a more specific statute stated that an assistant attorney general could be dismissed at the pleasure of the Attorney General, the question was not reached in *Wood.* Thus, we construe the statute's terms for the first time here.

■ "In statutory construction a court's primary responsibility is to ascertain the intent of the general assembly from the language used, and to give effect to that intent." *A.M.G. v. Missouri Div. of Family Services,* 660 S.W.2d 370, 372 (Mo.App.1983). Undefined words are given their plain and ordinary meaning as found in the dictionary in order to ascertain the intent of lawmakers. *Asbury v. Lombardi,* 846 S.W.2d 196 (Mo. 1993). It is also useful to look at how the terms are defined in statutes relating to similar subject matter, even if those statutes are found in different chapters. *See State ex rel. County of St. Charles v. Mehan,* 854 S.W.2d 531 (Mo.App.1993); *Osmun v. Osmun,* 842 S.W.2d 932 (Mo.App.1992).

Neither of the terms "agency" nor "agency of the state" are defined either in Section 36.390, or elsewhere in Chapter 36, which sets forth the State Personnel Law. *See* §§ 36.010–.510 RSMo 1986 and Cum.Supp. 1993. However, Section 36.390(9) does state that the hearing held under Section 36.390 "shall be deemed to be a contested case and the procedures applicable to the processing of such hearings and determinations shall be those established by *chapter 536, RSMo* " (emphasis added).

■ As noted earlier, Chapter 536 is the chapter which sets out the Missouri Administrative Procedure Act ("APA"). Section 536.010 does contain definitions of both "agency" and "state agency." Inasmuch as Missouri's APA sets out the very procedures for the hearings which agencies subject to Section 36.390 must provide, the meaning given to the terms "agency" and "agency of the state" in Chapter 536 is particularly persuasive as to the meaning the legislature

intended those terms to have in Section 36.390 itself.[2]

Section 536.010 defines "agency" and "state agency" as follows:

(1) **"Agency"** means any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases;

. . . .

(5) **"State agency"** means *each* board, commission, department, *officer or other administrative office* or unit of the state *other than the general assembly, the courts, the governor,* or a political subdivision of the state, existing under the constitution or statute, and authorized by the constitution or statute to make rules or to adjudicate contested cases.

§ 536.010(1), (5) (emphasis added). The Secretary of State's office is clearly encompassed within these definitions of "agency" and "state agency". It comes within the definition of "agency" because the Secretary of State is undeniably an administrative officer of the State authorized by law to make rules or to adjudicate contested cases.[3]

The Secretary of State's office comes within the definition of "state agency" because, again, the Secretary of State is without question an officer of the State and her office, as just noted, is an administrative office of the State. Moreover, the Secretary of State is not among those officers whom the statute excludes from the definition of "state agency." Indeed, the fact that the definition states that "state agency" includes each officer or other administrative office of the State, and then specifically excludes "the governor," is a strong indicator that the legislature intended other elected officials, such

as the Secretary of State, to be included within the definition of "state agency". That is, if elected officials were not within the definition, there would have been no need to exclude the governor from the definition.

It is also not surprising that elective offices have been included within the definition of "agency" in Chapter 536. The Missouri Supreme Court has previously noted that Missouri's APA "is not solely applicable to conventional agencies, whatever those are." *Byrd v. Board of Curators of Lincoln Univ.,* 863 S.W.2d 873, 875 (Mo. banc 1993) (colleges and universities are "agencies" under section 536.010(1)). In fact, the Secretary of State's office conceded that it was an agency under Missouri's APA in *State ex rel. Toberman v. Cook,* 365 Mo. 274, 276, 281 S.W.2d 777, 778–79 (banc 1955). While that concession is not binding here, it does add support to a broad reading of the word.

■ In addition, Missouri's APA is based on the Model State Administrative Procedure Act, 15 U.L.A. 147 (1961). *See State ex rel. Missouri Ozarks Economic Opportunity Corp. v. Long,* 763 S.W.2d 381, 385 (Mo.App. 1989). The Model Act defines "agency" as "each state (board, commission, department, or officer), other than the legislature or the courts, authorized by law to make rules or to determine contested cases." § 1, 15 U.L.A. at 147. Many other states have adopted administrative procedure acts based on the Uniform Act which similarly define "agency". Many of these acts then provide exceptions for some or all of their State's elective officers. However, those not excepted by the acts are subject to them. *See* 20 Alfred S. Neely & Daniel W. Shinn, *Missouri Practice: Administrative Practice & Procedure* 26–34 (1986).[4]

**2.** The State has also referred us to narrow interpretations of the word agency in statutes unrelated to the merit system or to appeals procedures. We find reference to such unrelated statutes to be of minimal assistance, particularly where, as here, much more related statutes do contain a definition of these terms. *Byrd v. Board of Curators of Lincoln Univ.,* 863 S.W.2d 873, 875 (Mo. banc 1993).

**3.** *See* Mo. Const. art. 4, § 12 ("The executive department shall consist of all state elective and appointive officials and employees except offi-

cials and employees of the legislative and judicial departments. In addition to the governor and lieutenant governor there shall be a . . . secretary of state, . . ."). *See also* §§ 109.221, 115.225, 116.130, RSMo 1986 & Cum.Supp.1993 (each authorizing the Secretary of State to make rules).

**4.** *See, e.g.,* Ark.Code Ann. § 21–5–203 (Michie Supp.1993) (elected officials and their employees specifically excluded from definition of "state agency"); Ill.Ann.Stat. ch. 20, para. 425/4c (Smith–Hurd 1993) (exempts all elected officers and all positions under the specific elected offi-

Here, as noted, the only elective official Missouri has excepted from the definition of "state agency" is the governor; even the governor is not excepted from the definition of "agency". Moreover, it is clear that the legislature knew how to except all elected officials when it wanted to do so.

For example Section 36.031 provides that "those departments, agencies and positions of the executive branch of state government which have not been subject to these provisions of the state personnel law shall . . ." be subject to the law in regard to classification of employees. The remainder of Section 36.031 refers to "departments, agencies and positions of the executive branch" by the generic term "agencies". The provision explicitly states, however, that its requirements do not apply to "the elective offices" and to certain other agencies. If elective offices were not within the definition of "agencies", there would have been no need to except them from the effect of Section 36.031. This reinforces the conclusion that elective offices, including the Secretary of State's office, are included within the term "agency" as used in that section.

■ The only opposing authority cited by the State is the recent decision of the United States District Court in *Pace v. Moriarity,* [sic] No. 94–4154–CV–C–5 (W.D.Mo. Oct. 17, 1994). *Pace* found that, because Section 36.031 excepts elective offices from those agencies subject to that section, it must mean that elective offices are not agencies. As just noted, we draw the opposite conclusion; if elective offices were not normally within the meaning of the term "agencies," Section 36.031 would not have needed to exclude them from its operation.[5]

■ For these reasons, we conclude that the Secretary of State's office is included within the definition of "agency", and "agency of the State", as those terms are used in subsections (7) and (8) of Section 36.390.[6] The Secretary's office could comply with those subsections by either adopting its own appeals procedures as permitted by subsection (8), or by electing to use the appeals procedures applicable to merit employees as permitted by subsection (7). The Secretary of State was, however, required to adopt *one or the other type of procedure for appeals* by Ms. Laws and others. It could not, as it argued to the Board below, just avoid the statute by failing to adopt any appeals procedure at all. This is evident from the language of subsection (8) itself.

Subsection (8) states that agencies which do not adopt the procedures set out in section 36.390(5) *"shall adopt* dismissal procedures substantially similar to those provided for merit employees"* (emphasis added). The statute does not give agencies the option of not adopting any appeals procedures at all. The Personnel Board thus erred in finding that the very failure of the Secretary of State's office to comply with the statute by adopting some procedure for appeal defeated its jurisdiction of the appeal. As has been eloquently stated by Ms. Laws in her brief on appeal:

> Where a nonmerit agency omits to adopt either the board's or its own procedures, it hardly can be thought that the subsections' purpose is fulfilled if this results in the dismissed employee being denied all opportunity of a hearing and of obtaining redress. Nor can there be realistic belief that the mischief the subsections aim at is truly addressed if the employer agency, in requital for its neglect or refusal to elect

cials including the Secretary of State); Iowa Code § 19A.3 (1989 & Supp.1994) (exempts officers elected by popular vote).

5. The State also cites us to Merit System: Personnel Board (Division), Op. Att'y Gen. No. 46 (Nov. 6, 1980), which states in passing that elected officials are not included within the meaning of section 36.390. Attorney general opinions are not entitled to any more deference than that of any other competent attorney. *Gershman Inv. Corp. v. Danforth,* 517 S.W.2d 33, 36 (Mo. banc 1974) (courts, not attorney general, have power

to construe and declare the law). The opinion in question offers no rationale or citation to support its conclusion. It merely offers the opinion in the course of discussing other matters. We do not find it persuasive.

6. Cf. *Treu v. Kirkwood,* 42 Cal.2d 602, 268 P.2d 482, 486 (1954) (Lieutenant Governor was included within the term "state agency"); *State ex. rel Levy v. Pallotti,* 133 Conn. 334, 51 A.2d 136 (1947) (Assistant attorney generals had right to appeal dismissal except in certain cases).

either of its procedural options, shall effectively receive immunity from the statute's sanctions for prohibited dismissals. On the contrary, in this circumstance it well respects the subsections and is faithful to the legislature's purposes and policy in enacting them to require a hearing—and, since the hearing is nowhere else available, to require that it be conducted by the board.

In the absence of adoption of other procedures, the Secretary shall be deemed to have by implication adopted the procedures for merit employees, set out in Section 36.390(5), for only this inference will place the Secretary's office in compliance with the statute, and will afford Ms. Laws the appeal to which she is entitled.

The Secretary makes one final argument. As noted above, subsection 36.390(8) states in relevant part that agencies which do not adopt the procedures for appeals applicable to merit employees shall adopt their own dismissal procedures, but that "these procedures need not apply to employees in *policymaking positions ...*" (emphasis added). Subsection (8) thus gives agencies, such as the Secretary of State's office, the *option* of excluding policymaking employees. The Secretary contends that, even if section 36.390 requires the Secretary to adopt appeal procedures, those procedures do not apply to Ms. Laws because she is a policymaking employee. If the Secretary had adopted appeals procedures substantially similar to those for merit employees, but had excepted policymaking employees from their operation, then we would agree that this case must be remanded for a determination whether Ms. Laws is a policymaking employee. If she were found to be a policymaking employee, she would then not be entitled to a dismissal hearing.

However, as discussed above, the Secretary of State's office has *not* adopted its own appeals procedures; much less has it adopted procedures which provide an exception for policymaking employees. The Secretary does not argue that the appeals proce-

dures set out in subsection 36.390(5) contain a similar exception for policymaking employees. Thus, Ms. Laws is entitled to a hearing whether or not she is a policymaking employee.[7]

Because of our disposition of Ms. Laws' statutory claims, we do not reach her claim that she has a constitutional right to a hearing even if she were not entitled to one under Section 36.390.

For the reasons set out above we remand this case to the circuit court with directions that it be remanded to the Personnel Board for a hearing under Section 36.390.

All concur.

---

7. Of course, if the Secretary of State's office should adopt appeal procedures in the manner set out in Section 36.390(8), it may exclude poli-

cymaking employees from those appeal provisions as permitted by that subsection.