_____

No. 94-3764WM
_____

Lydia Marlene Pace,                    *
                                       *
              Appellant,               *
                                       *
    v.                                 *    Appeal from the United States
                                       *    District Court for the Western
Judith K. Moriarty,                    *    District of Missouri.
individually and in her                *
official capacity; James Kolb,         *
individually and in his            *
official capacity,                 *
                                       *
              Appellees.           *
                        _____

              Submitted:  November 16, 1995

              Filed:  May 10, 1996
                        _____

Before  RICHARD  S.  ARNOLD,  Chief  Judge,  HENLEY,  Senior  Circuit
    Judge, and FAGG, Circuit Judge.
                        _____

FAGG, Circuit Judge.


     While Judith K. Moriarty was the Missouri Secretary of State and
James Kolb was her Executive Deputy, Moriarty and Kolb (collectively the
officials) terminated Lydia Marlene Pace from a clerical position in the
Secretary of State's office.  At the time of Pace's termination, the
Secretary of State's office had not adopted any procedures allowing
employees to seek review of termination decisions, and the officials did
not give Pace a hearing or notice of the reasons for her termination.
Contending the officials violated her procedural due process rights, Pace
brought this 42 U.S.C. § 1983 action.  Pace sought damages from the
officials in their individual capacities, and requested equitable relief.
The district court concluded Pace's claim failed as a matter of law and
granted the officials summary judgment.  Pace

appeals. We affirm in part, and reverse and remand in part.

To show she was entitled to due process before termination, Pace must show she had a property interest in her job, that is, a legitimate claim of entitlement to continued employment. Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Batra v. Board of Regents, 79 F.3d 717, 720 (8th Cir. 1996). Pace had a property interest if she could only be fired for good cause, Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-39 (1985), and Pace contends the officials needed good cause to terminate her under Chapter 36 of the Missouri statutes, see Mo. Rev. Stat. §§ 36.010-36.510 (1994). Section 36.390.5 provides that regular employees of merit agencies have the right to appeal terminations to the state Personnel Advisory Board (PAB), and the PAB should reinstate employees who were not terminated for good cause. Sections 36.390.7 and .8 require nonmerit agencies to adopt the same appeal procedures or "procedures substantially similar to those provided for merit employees." Id. § 36.390.8. Pace asserts the Missouri Secretary of State's office is a nonmerit agency under sections 36.390.7 and .8, and the statutes gave her the right not to be terminated without cause.

The district court rejected Pace's due process claim on the grounds that the Secretary of State's office was not an agency within the meaning of sections 36.390.7 and .8. On appeal, Pace contends the district court misinterpreted Missouri law, and we agree. After the district court's decision, the Missouri Court of Appeals ruled sections 36.390.7 and .8 apply to the Secretary of State's office. Laws v. Secretary of State, 895 S.W.2d 43, 48 (Mo. Ct. App. 1995). Nevertheless, the officials urge us to affirm the district court's judgment on alternate grounds, and we may affirm on any basis supported by the record. White v. Moulder, 30 F.3d 80, 82 (8th Cir. 1994), cert. denied, 115 S. Ct. 738 (1995).

The officials argue that even if sections 36.390.7 and .8

apply to the Secretary of State's office, the statutes did not give Pace a property interest in continued employment. Unlike Pace, the officials do not believe the statutes give nonmerit employees the right to be terminated only for cause. Instead, the officials argue the statutes only give nonmerit employees certain procedural rights. A statutory right to receive review procedures does not itself create a property interest. <u>Stow v. Cochran</u>, 819 F.2d 864, 866 (8th Cir. 1987); <u>see</u> <u>Bishop v. Wood</u>, 426 U.S. 341, 345, 347 (1976). To give employees a property interest and a right to due process, a statute must create a legitimate expectation of continued employment, not merely an expectation of review of terminations. <u>See</u> <u>Bishop</u>, 426 U.S. at 345; <u>Stow</u>, 819 F.2d at 867. The Missouri courts have not yet decided whether sections 36.390.7 and .8 prohibit the termination of nonmerit employees without cause or whether the statutes simply provide nonmerit employees an opportunity to be heard, and the statutory language is imprecise. Contrary to the officials' view, we did not resolve this issue in <u>Hartley v. Fine</u>, 780 F.2d 1383 (8th Cir. 1985), because we rejected the due process claim in <u>Hartley</u> on the grounds that the plaintiff was a policymaking employee not covered by sections 36.390.7 and .8. <u>Id.</u> at 1386 & n.3. We think the district court should address the unresolved property interest question in the first instance.

Because Pace's due process claim hinges on an unsettled question of statutory construction, Pace did not have a clearly established right to receive due process before her termination, and the officials are entitled to qualified immunity on Pace's claim for damages. <u>See</u> <u>Schleck v. Ramsey County</u>, 939 F.2d 638, 641 (8th Cir. 1991). On the other hand, qualified immunity does not shield the officials from Pace's claim for reinstatement or other equitable remedies. <u>Grantham v. Trickey</u>, 21 F.3d 289, 295 (8th Cir. 1994). Accordingly, we remand Pace's request for equitable relief. If the district court concludes Pace had a property interest in her job, then the district court should decide whether there were review procedures available to Pace that were sufficient

to satisfy due process.  <u>See</u> <u>Demming v. Housing & Redev. Auth.</u>, 66 F.3d 950, 953 (8th Cir. 1995);  <u>Kennedy v. Robb</u>, 547 F.2d 408, 415 (8th Cir. 1976), <u>cert. denied</u>, 431 U.S. 959 (1977).

We affirm the summary judgment for the officials on Pace's claim for damages, and remand Pace's claim for equitable relief for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-