STATE of Missouri, ex rel. Janette
M. LOHMAN, Director of
Revenue, Appellant,

v.

The PERSONNEL ADVISORY
BOARD, Respondent.

No. WD 53251.

Missouri Court of Appeals,
Western District.

April 22, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 27, 1997.

Application to Transfer Denied
Aug. 19, 1997.

Edward F. Downey, Attorney General's Office, Jefferson City, for Appellant.

Kurt P. Valentine, Jefferson City, for Respondent.

Before HANNA, P.J., and ELLIS and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This is an appeal from a judgment of the Circuit Court of Cole County quashing its preliminary writ and denying a permanent writ of prohibition. By writ, appellant, the Department of Revenue (DOR), sought to prohibit respondent, the Personnel Advisory Board (PAB), from determining whether it had the jurisdiction to review the dismissal of a DOR employee. The DOR asserts in its sole point on appeal that the trial court erred in quashing its preliminary writ and denying a permanent writ because the PAB did not have the authority to determine whether it had jurisdiction to review the dismissal.

We disagree and affirm.

## Facts

The facts of this case are undisputed. K. Diane Gaines (Gaines) was the Administrator of the Driver's License Bureau until her dismissal by appellant, the Director of Revenue, on October 24, 1995. Gaines was classified as a non-merit employee. She appealed her dismissal to respondent, the Personnel Advisory Board (PAB).

The DOR moved to dismiss Gaines's appeal on December 11, 1995, for lack of jurisdiction, on the grounds that her position was one that was not included in the agency's adoption of the PAB appeals procedure. On February 1, 1996, Gaines filed suggestions in opposition to the DOR's motion for dismissal, alleging that there were genuine issues of material fact as to two issues: 1) whether DOR had properly adopted a dismissal procedure that excluded Gaines's position from PAB procedures; and 2) whether Gaines was a "policy making" or "confidential" employee of the Department. On February 9, the DOR filed its answer to Gaines's suggestions in opposition, and on February 13, 1996, the PAB determined that it must hold a hearing on the record to determine whether it had jurisdiction over Gaines's appeal. The PAB further found that the question of jurisdiction rested on the determination of whether Gaines, as Administrator of the Driver's License Bureau, could be categorized as a policy maker.

The DOR filed for a writ of prohibition on May 2, 1996, which sought to prevent the PAB from exercising jurisdiction over Gaines's appeal. The court issued a preliminary writ on May 20, 1996. After a hearing, the court issued an order on July 30, 1996, which quashed the preliminary writ and denied the DOR a permanent writ of prohibition. The court found that the DOR was not entitled to a permanent writ, because the issue of jurisdiction was one that could be raised on appeal, and the DOR had also failed to show irreparable harm. The court further found that the PAB had the authority to hold a hearing to determine whether it had jurisdiction to hear Gaines's appeal. Because the court found that the question of jurisdiction rested on whether Gaines was a

policy-making employee, it held that the PAB had the authority to make that determination, as well as the determination of whether the DOR had adopted appeals procedures substantially similar to those statutorily required for merit employees.

## Standard of Review

■ Our standard of review for the denial of a writ of prohibition when the case has been submitted on stipulated facts is only to determine whether the trial court drew the proper legal conclusions from the facts stipulated. *State ex rel. 401 N. Lindbergh Associates v. Ciarleglio*, 807 S.W.2d 100, 103 (Mo. App.1990).

## I.

■ Initially, we address our jurisdiction to hear this appeal. Generally, the proper remedy to contest the dismissal of a writ of prohibition is not an appeal, but a request for a writ from the higher court. *Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348, 355 (Mo. banc 1995). However, an order quashing a preliminary writ is an appealable, final judgment. *State ex rel. Marler v. State Board of Optometry*, 898 S.W.2d 559, 560 (Mo.App.1994). Because the trial court granted the DOR's preliminary writ of prohibition, then subsequently quashed it and denied the DOR's permanent writ, we find we have jurisdiction to hear this appeal.

A trial court will not issue a writ of prohibition as a matter of right, but may exercise its discretionary authority to issue such a writ " 'when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventative action.' " *Missouri Dept. of Social Services v. Admin. Hearing Comm'n*, 826 S.W.2d 871, 872 (Mo.App.1992), quoting *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985).

Prohibition is essentially a means to prevent usurpation of judicial power, confine inferior courts and agencies to their proper jurisdiction and prevent them from acting without or in excess of their jurisdiction. In order for relief by writ to lie, two elements must exist simultaneously: the absence of jurisdiction in the tribunal before which a matter is pending, and the lack of an adequate remedy at law by way of appeal. (citations omitted)

*Ciarleglio*, 807 S.W.2d at 103.

The DOR claims that because it adopted the appeals procedures for merit employees provided for in § 36.390.5 [1] for all of its employees, except certain named positions, including Gaines's, she was not entitled to have her dismissal reviewed by the PAB. On the other hand, the PAB contends that it only sought to make an initial determination of whether it had jurisdiction to hear Gaines's appeal. In this respect, the PAB argues that, pursuant to § 36.390.7 and § 36.390.8, the DOR was required to have adopted either PAB or internal appeal procedures for all employees, including Gaines. In response, the DOR argues that because of Gaines's exclusion from the appeals procedures adopted by the DOR, she was not entitled to any review by the PAB, including review by it to determine if it had jurisdiction over Gaines's appeal. Thus, the issue before us is whether the trial court properly denied the DOR's writ of prohibition on the basis that the PAB had the authority to hold a hearing to determine its jurisdiction as to Gaines's appeal. In deciding this issue, it is necessary for us to consider the underlying substantive law with respect to the administrative review of employee dismissals.

Section 36.390 governs the right of appeal from dismissals for all state employees, including merit and non-merit agency employees. Those agencies listed in § 36.030.1 are considered "merit" agencies, a status which provides a right of appeal before the PAB for all merit employees pursuant to § 36.390.5. [2]

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. Section 36.390.5 provides a dismissal hearing before the PAB and states, in pertinent part:

> Any regular employee who is dismissed or involuntarily demoted for cause or suspended for more than five working days may appeal in writing to the board within thirty days after the effective date thereof, setting forth in substance the employee's reasons for claiming that the dismissal, suspension or demotion was for political, religious, or racial reasons, or not for the good of the service. Upon such appeal,

Because the Department of Revenue is not listed in § 36.030.1, it is a non-merit agency, with its employees considered non-merit employees.

With respect to non-merit employees, §§ 36.390.7 and 36.390.8 address their right to appeal. They provide, in pertinent part:

> 7. The provisions for appeals provided in subsection 5 of this section for dismissals of regular merit employees may be adopted by nonmerit agencies of the state for any or all employees of such agencies.
>
> 8. Agencies not adopting the provisions for appeals provided in subsection 5 of this section[ ] shall adopt dismissal procedures substantially similar to those provided for merit employees. However, these procedures need not apply to employees in policymaking positions, or to members of military or law enforcement agencies.

There is no dispute that subsections 7 and 8 require non-merit agencies to either adopt the PAB appeals procedures provided for in subsection 5, or adopt internal procedures that are "substantially similar" to subsection 5 procedures. The parties agree that pursuant to subsections 7 and 8, the DOR adopted the appeals procedures provided for in subsection 5 for all of its employees, except for certain positions specifically excluded, including Gaines's position. The parties also agree that in the event that a non-merit agency does not adopt subsection 5 procedures, subsection 8 requires "substantially similar" procedures to be adopted. This is where the agreement ends.

■■■ In deciding this appeal, we find our holding in *Laws v. Secretary of State*, 895 S.W.2d 43 (Mo.App.1995) to be instructive and persuasive. We initially note that *Laws* is not factually identical to the case at bar, in that the non-merit agency in *Laws*, the Secretary of State, failed to adopt any appeals

> both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard and to present evidence at a hearing which, at the request of the appealing employee, shall be public. . . .

3. Appellant cites *Brown v. Personnel Advisory Bd.*, 879 S.W.2d 581, 584 (Mo.App.1994), for the proposition that an agency is not required to provide a PAB-appeals procedure or an internal appeals procedure if the employee does not hold

procedure as to its employees. *Id.* at 45. Nonetheless, the rules laid down in *Laws* as to the right of appeal for non-merit employees still apply here. In *Laws*, this court held that when subsections 7 and 8 are read in conjunction, subsection 8 requires that some procedure for appeal must be provided for *all* "regular"[3] merit and non-merit employees. *Id.* at 48. In this respect, in *Laws*, we held that an agency can comply with subsections 7 and 8

> by either adopting its own appeals procedures as permitted by subsection (8), or by electing to use the appeals procedures applicable to merit employees as permitted by subsection (7). [The agency is], however, required to adopt *one or the other type of procedure for appeals* [as to each employee] . . . . (emphasis supplied)

*Id.* Thus, we find that by adopting subsection 5 appeals procedures for the majority of its employees, and not adopting any procedures for Gaines and the other specifically listed employees, the DOR did not fully comply with subsections 7 and 8, unless Gaines can be considered a policy-making, military, law enforcement or academic institution employee. Subsection 8 allows non-merit agencies the option of excluding policy-making, military, law enforcement or academic institution employees from either PAB or internal appeal procedures. *Id.* at 49.

■■■ Having determined that subsections 7 and 8 required the DOR to adopt some type of dismissal procedure for all of its employees, including Gaines, we must now determine the consequences of the DOR's failure to do so. In this respect, *Laws* provides:

> in the absence of the adoption of other procedures, the [agency] shall be deemed to have by implication adopted the procedures for merit employees, set out in Sec-

a "regular" position within the agency. This case is not relevant, as it deals specifically with a part-time employment position, which *Brown* determined was not necessarily entitled to either type of dismissal review. *Id.* A "regular employee" is defined in § 36.020 as "an employee appointed to a position in accordance with this law after successfully completing a probationary period." *Id.* at 583.

tion 36.390(5), for only this inference will place the [agency] in compliance with the statute, and will afford [employees] the appeal to which [they are] entitled.

*Id.* Thus, by implication, we find that the DOR adopted for the specifically excluded employees, including Gaines, the appeals procedures provided in subsection 5 for merit employees, unless the employees could be denied any appeal pursuant to subsection 8.

 As was the case in *Laws*, the question is presented here as to whether Gaines could be excluded from any appeals procedures because she was considered a policy-making, military, law enforcement or academic institution employee. Obviously, the only subsection 8 position that would have any application here is one as a policy maker. In that regard, we agree with the DOR that if Gaines was a policy maker, her dismissal and the denial of any appeal was in full compliance with § 36.390. However, if she was not a policy maker, then her entitlement to a PAB appeal is by default, as the DOR failed to adopt any dismissal review as to her position. The question, for purposes of determining whether an employee is entitled to an appeal, is: Who decides whether an employee is a policy maker? We answered this question in *Laws*. There, we held that the PAB has the authority to hold a limited jurisdictional hearing to determine whether an employee is a policy maker and can be denied any appeal from his or her dismissal. *Laws*, 895 S.W.2d at 49. Thus, we find that, while the DOR can deny Gaines any appeal from her dismissal, if she was, in fact, in a policy-making position, the PAB had the authority to review her dismissal for the limited purpose of determining if it had jurisdiction to hear her appeal. It should be emphasized, however, that this review is limited to the sole issue of determining whether Gaines was in a policy-making position. It is not a full-blown appeal to determine the merits of her dismissal.

In *Laws*, we reversed and remanded to the PAB for the determination of whether the employee in question was a policy maker. *Id.* Here, because this comes to us as an appeal from a judgment quashing a temporary writ and denying a permanent writ of prohibition, we are not reviewing the action of the PAB, but the action of the trial court in regard to the writ of prohibition. Thus, we need only affirm or reverse the judgment of the trial court in quashing the preliminary writ and denying the permanent writ. Because we find that the trial court drew the proper conclusions from the stipulated facts, we affirm its quashing of the preliminary writ and its denial of the permanent writ.

### Conclusion

We affirm the trial court's judgment quashing the preliminary writ of prohibition and denying the permanent writ of prohibition.

All concur.