**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 95-4249

_____

Johnnie L. Ruth,                        *
                                        *
        Appellant,                      *
                                        *
    v.                                  * Appeal   from   the   United
States
                                        * District Court for the
T o g o  D. West, Jr., Secretary,                        *
    Eastern District of Arkansas.
Department of the Army,        *
                                        *          [UNPUBLISHED]
        Appellee.              *

_____

                              Submitted:   June 4, 1997

                                  Filed:   June 9, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.


    Johnnie   L.  Ruth  appeals  the  district  court's
dismissal  of  his  action  under  Title  VII,  42 U.S.C. §
2000e <u>et</u> <u>seq.</u>,  for  failure  to  exhaust  administrative
remedies.  We reverse and remand for further proceedings
in the district court.

    Ruth, who is black, began working as a security guard
for the Army at the Pine Bluff Arsenal in 1980.  On March

22, 1991, he was terminated for attempted theft of government property and willful use of a government vehicle for other than official

purposes. Ruth timely pursued administrative remedies with the agency and the Merit Systems Protection Board (MSPB), both of which denied relief. On November 7, 1994, Ruth filed a timely petition with the EEOC for review of the MSPB decision. On January 19, 1995--73 days after filing his petition--Ruth filed this action against the Secretary of the Department of the Army, claiming he had been discharged based on his race.

Defendant moved for dismissal or summary judgment. Ruth moved to amend his pro se complaint, in part to include a February 1995 right-to-sue letter from the EEOC. The district court denied Ruth's motion and dismissed the complaint for failure to exhaust administrative remedies, as Ruth had filed his district court action before receiving a right-to-sue letter or waiting the required 180 days from the date of filing with the EEOC.

We review this dismissal de novo. See McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995). Federal employees asserting Title VII claims must exhaust their administrative remedies before filing a federal court action, and if they choose to proceed with certain optional administrative remedies, they must exhaust their claims in that forum before filing a civil action. See id. at 1141-42. A federal employee may file a civil action after 180 days from the date of filing with the EEOC, see 29 C.F.R. § 1614.310(i) (1995), or within 30 days of receiving notice that the EEOC concurs with the MSPB, see 29 C.F.R. § 1614.310(d) (1995). Although Ruth mistakenly filed his federal action before the expiration of his 180-day EEOC waiting period,

we hold that the mistake was cured by Ruth's receipt of a right-to-sue letter before the case was dismissed. We have previously held, in the context of an employee suing a private employer, that the failure to obtain a right-to-sue letter prior to the commencement of a suit is a curable defect, cured by the subsequent receipt of a right-to-sue letter. Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988) (relying on Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393

(1982)); see also Edwards v. Department of the Army, 708 F.2d 1344, 1346-47 (8th Cir. 1983) (applying Zipes to former federal employee).

We decline to determine the merits of defendant's summary judgment motion in the first instance. See Pace v. Moriarty, 83 F.3d 261, 263 (8th Cir. 1996).

Accordingly, we reverse and remand for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.