IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION

FILED

APRIL 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIE BACON, JR.,           )
                             )
            Appellant,       )     No. 03C01-9605-CR-00203
                             )
                             )     Hamilton County
v.                           )
                             )      Honorable Douglas A. Meyer, Judge
                             )
STATE OF TENNESSEE,          )      (Post-Conviction)
                             )
            Appellee.        )

For the Appellant:                    For the Appellee:

Ardena J. Garth                       Charles W. Burson
District Public Defender              Attorney General of Tennessee
    and                                   and
Donna Robinson Miller                 Michael J. Fahey, II
Assistant Public Defender             Assistant Attorney General of Tennessee
Suite 300, 701 Cherry Street          450 James Robertson Parkway
Chattanooga, TN 37402                 Nashville, TN 37243-0493

                                      William H. Cox, III
                                      District Attorney General
                                          and
                                      C. Leland Davis
                                      Assistant District Attorney General
                                      City-County Building
                                      Chattanooga, TN 37402

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Willie Bacon, Jr., appeals as of right from the Hamilton County Criminal Court's denial of post-conviction relief after an evidentiary hearing. He contends that he is entitled to post-conviction relief because the reasonable doubt and malice instructions given at his trial violated his due process and equal protection rights and because he received the ineffective assistance of counsel. We disagree and affirm the judgment of the trial court.

In 1989, the petitioner was convicted of first degree murder and received a sentence of life imprisonment. This court affirmed his conviction. State v. Willie Bacon, Jr., No. 1164, Hamilton County (Tenn. Crim. App. Aug. 4, 1992), app. denied (Tenn. Dec. 14, 1992). The petitioner filed the present petition for post-conviction relief on May 13, 1994.

A transcript of the petitioner's trial is the only evidence that was introduced at the evidentiary hearing on his post-conviction petition. At the hearing, the petitioner's attorney argued that the malice and reasonable doubt jury instructions given at the petitioner's trial violated his constitutional rights. She also argued that the petitioner received the ineffective assistance of counsel because his trial counsel failed to object to the state's closing argument, failed to object to the reasonable doubt and malice jury instructions, and failed to challenge the sufficiency of the convicting evidence on appeal.

In its order denying the petition, the trial court stated that the reasonable doubt and malice jury instructions did not violate the petitioner's constitutional rights and that the petitioner did not receive the ineffective assistance of counsel. Specifically, the court found that the petitioner's counsel made a tactical decision not to object during

2

the state's closing argument. The court also stated that although the petitioner's counsel did not challenge the sufficiency of the convicting evidence, this court examined the convicting evidence and concluded that the evidence sustained the conviction.

## I. REASONABLE DOUBT JURY INSTRUCTION

The petitioner contends that he is entitled to post-conviction relief because the use of the term "moral certainty" in the reasonable doubt jury instruction given at his trial allowed the jury to convict him based on a lower standard of proof than is constitutionally required. We disagree.

The following instruction was given at the petitioner's trial:

> Reasonable doubt is not that doubt that may arise from possibility, but is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily upon certainty of guilt. Absolute certainty of guilt is not demanded by the law to convict of a criminal charge, but moral certainty is required as to every proposition of proof requisite to constitute the offense.

This is a correct statement of the burden of proof for criminal trials in Tennessee. See Nichols v. State, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994). Thus, the instruction did not violate the petitioner's constitutional rights.

## II. MALICE JURY INSTRUCTION

Next, the petitioner contends that the trial court's jury instruction regarding malice violated his due process rights. See Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979); State v. Bolin, 678 S.W.2d 40, 45 (Tenn. 1984). The trial court gave the following instruction at the petitioner's trial:

> Malice is an intent to do injury to another, a design formed in the mind of doing mischief to another.
> Malice may be express or implied. Express malice is actual malice against the party slain and exists where a person

3

actually contemplates the injury or wrong he inflicts. Implied malice is malice not against the party slain, but malice in general, or that condition of the mind which indicates a wicked, depraved, and malignant spirit, and a heart regardless of social duty and fatally bent on mischief. Implied malice may be found to exist where the wrongdoer did not intend to slay the person killed but death resulted from a consciously unlawful act done intentionally and with knowledge on the wrongdoer's part that the act was directly perilous to human life. In this event, there is implied such a high degree of conscious and willful recklessness as to amount to that malignity of heart constituting malice.

As with other issues, the question of malice may be decided from direct or circumstantial evidence, or both. It is for the jury to decide under all the facts and circumstances of the case whether malice was present in the slaying.

If a deadly weapon is handled in a manner so as to make the killing a natural or probable result of such conduct, the jury may infer malice sufficient to support a conviction of murder in the first degree. But, again, this inference may be rebutted by either direct or circumstantial evidence or by both regardless of whether the same be offered by the defendant or exists in the evidence of the state. . . .

Malice cannot be inferred from deadly intent only, because the deadly intent may be justifiable under the law, as where one willfully kills another to save his own life or to save himself from great bodily harm and the danger is imminent and immediate, or if it were sudden and upon reasonable provocation the killing might or might not be manslaughter, but it would not be murder.

You are reminded that the state always has the burden of proving every element of the crime charged beyond a reasonable doubt. A permissible inference may or may not be drawn from an elemental fact from proof by the state of a basic fact. However, all inferences permitted to be drawn may be rebutted. Such permissive inference does not place any burden of proof of any kind upon the defendant.

In Sandstrom, the Supreme Court held that an instruction which effectively tells the jury that they are to presume the existence of malice, when such is an element of the offense, impermissibly shifts the burden of proof to the defendant. Sandstrom, 442 U.S. at 524, 99 S. Ct. at 2459. However, the trial court in this case did not instruct the jury to presume the existence of malice. Taken as a whole, the instruction created a permissive inference. See Bolin, 678 S.W.2d at 42-45; see also State v. James

4

Blanton, No. 01C01-9307-CC-00218, Cheatham County (Tenn. Crim. App. Apr. 30, 1996), app. pending (holding that a similar instruction did not violate Sandstrom). Thus, the instruction did not violate the petitioner's constitutional rights.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, the petitioner contends that he is entitled to post-conviction relief because he received the ineffective assistance of counsel. The petitioner contends that his counsel was ineffective for failing to object to the state's closing argument, failing to object to the malice and reasonable doubt instructions that were given at his trial, and failing to challenge the sufficiency of the convicting evidence during his direct appeal. The state counters that the petitioner has failed to demonstrate that his counsel was deficient and that he suffered any prejudice from the alleged deficiencies.

The burden was on the petitioner in the trial court to prove his allegations that would entitle him to relief by a preponderance of the evidence.[1] Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 369-72, 113 S. Ct. 838,

---

[1] For post-conviction petitions filed after May 10, 1995, petitioners have the burden of proving factual allegations by clear and convincing evidence. T.C.A. § 40-30-210(f).

5

842-44 (1993). Our supreme court has also applied this standard to the right to counsel under Article I, Section 9 of the Tennessee Constitution, State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), and to the right to appellate counsel under the Fourteenth Amendment. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995); see Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (1985).

The petitioner contends that his attorney was deficient for failing to object to the following remarks the prosecuting attorney made during the state's closing argument:

> Mr. Bacon would have you believe that he simply forgot, I guess. I guess it's what you might term selective amnesia. "Oh, yeah, I remember when he assaulted me. Oh, yeah, I remember falling through the door. Oh, yeah, I remember dropping the knife. Oh, yeah, I remember running away. Oh, yeah, I remember getting in the car." Whoa, wait a minute. What about the 35 stab wounds? Oh, is this the defense? Yes, I committed first degree murder, but now I've forgotten about it. Okay, so you committed first degree murder and you've forgotten about it.

The trial court found that the petitioner's attorney acted within the range of competence demanded of defense attorneys when he made a tactical decision not to object to these remarks. We agree with the trial court's assessment. The petitioner has failed to demonstrate that these remarks were improper or that he was prejudiced by them.

We also disagree with the petitioner's contentions that his counsel was ineffective for failing to object to the reasonable doubt and malice jury instructions that were given at his trial. As previously discussed, the instructions given at the petitioner's trial were proper.

Finally, the petitioner contends that his counsel was ineffective for failing to challenge the sufficiency of the convicting evidence during his direct appeal. The state counters that the petitioner's counsel acted competently when he made a tactical decision not to challenge the sufficiency of the evidence. The state also argues that the

6

petitioner has failed to show that he was prejudiced by his counsel's failure to present the sufficiency of the evidence on appeal.

We agree with the state that the petitioner has failed to show that he was prejudiced by his counsel's failure to challenge the sufficiency of the convicting evidence. When viewed in the light most favorable to the state, see State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978), the proof at trial showed that the petitioner asked a friend to drive him to the victim's home. Before they left for the victim's house, the petitioner changed clothes. The petitioner "tucked" his clothes in a manner that indicated that he had something concealed under his clothes. After arriving at the victim's house, the petitioner entered the house, where he stabbed the victim during a struggle. The petitioner continued to stab the victim after the victim exited the house. The petitioner stabbed the victim a total of thirty-five times, killing him. The proof at trial indicated that the petitioner killed the victim as punishment or revenge related to an unsuccessful drug transaction.

Based on the proof presented at trial, the jury was justified in concluding that the petitioner was guilty of first degree murder. Thus, the petitioner has failed to demonstrate that his attorney was deficient for failing to challenge the sufficiency of the evidence on appeal and has failed to demonstrate that he suffered any prejudice from his attorney's decision not to raise the issue.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

Joseph M. Tipton, Judge

CONCUR:

_____

Joe B. Jones, Presiding Judge

_____

Curwood Witt, Judge

8