# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4053

_____

|  |  |  |
|---|---|---|
| Gene W. Spitzmiller, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| Julia Hawkins, David Harrison, Paul | * | District Court for the |
| Boudreau, Carla A. Owens-Cobbs, | * | Western District of Missouri. |
| Karen Touzeau, Carolyn A. Hulbert, | * | |
| Daniel S. Ross, Jane Rackers, | * | |
| Douglas Nelson, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 10, 1999

Filed: August 24, 1999

_____

Before WOLLMAN, Chief Judge, BEAM, and MURPHY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Gene W. Spitzmiller appeals from the district court's[1] grant of summary judgment in favor of Julia A. Hawkins, David C. Harrison, Paul A. Boudreau, Carla A.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Owens, Karen Touzeau, Carolyn A. Hulbert, Daniel S. Ross, Jane Rackers, and Douglas E. Nelson (defendants)[2] on his claims for wrongful termination. We affirm.

**I.**

Beginning on September 1, 1989, Spitzmiller was employed as a hearing officer for the Personnel Advisory Board (Board) of the State of Missouri. In this capacity, he presided over appeals filed by current and former state employees challenging adverse personnel decisions. He would propose findings of fact, conclusions of law, decisions, and orders, which the Board could adopt as final.

By letter from the Board dated July 30, 1996, Spitzmiller received notice of his termination for allegedly failing to follow Board policy by intermittently turning off audiotapes while conducting hearings. In addition, the letter stated that the Board had received several complaints from hearing participants that Spitzmiller's conduct was rude and hostile during hearings.

Spitzmiller filed an appeal of his termination with the Board, a state court lawsuit, and two federal actions. Initially, the district court ordered a stay of proceedings in this case while the administrative appeal and state court action were pending. Spitzmiller appealed the district court's stay order. Thereafter, he dismissed his administrative appeal and state court action. On October 15, 1997, we held that his appeal was moot because the stay had expired by its own terms when Spitzmiller voluntarily dismissed the state court proceedings. See Spitzmiller v. Hawkins, No. 97-1991, 1997 WL 633092 (8th Cir. Oct. 15, 1997).

---

[2]Hawkins, Harrison, Boudreau, Owens, Touzeau, Hulbert, and Ross were members of the Personnel Advisory Board at various times during Spitzmiller's employment or pendency of this action; Rackers and Nelson, lawyers employed by the Missouri Attorney General, had rendered advice to the Board.

Following our dismissal of the appeal, the district court granted defendants' motion for summary judgment. Spitzmiller appeals, claiming that the Board violated his First Amendment right to free speech, his Fourteenth Amendment right to due process, and his right of access to federal court.

## II.

We review the district court's grant of summary judgment de novo, applying the same standard that was applied by the district court. See Hossaini v. Western Mo. Med. Ctr., 140 F.3d 1140, 1142 (8th Cir. 1998). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c).

## A.

Spitzmiller claims that his discharge was a result of speech protected by the First Amendment. "In order to establish a 42 U.S.C. § 1983 cause of action alleging violation of his first amendment rights, the plaintiff must show that he engaged in constitutionally protected speech and that the protected speech was a substantial or motivating factor in the decision to terminate him." Cox v. Miller County R-I Sch. Dist., 951 F.2d 927, 931 (8th Cir. 1991) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). The district court found that Spitzmiller's speech was upon a matter of public concern, but granted defendants' motion for summary judgment because it found that the evidence was insufficient to support an inference that the speech was a substantial or motivating factor in the decision to terminate him. See Spitzmiller v. Hawkins, No. 96-4314-CV-C-SOW, slip op. at 5 (W.D. Mo. Oct. 20, 1998).

In Cox, we found that the plaintiff had failed to show that his speech was a substantial or motivating factor for his discharge when the defendants provided uncontested evidence that they had endorsed the plaintiff's job performance following the protected speech and had subsequently received complaints that Cox had used profanity on the job. See 951 F.2d at 931-32. Similarly, although Spitzmiller presented evidence that he had voiced concern to the Board regarding its decision-making procedures and opposition to the Attorney General's representation of particular parties, these repeated complaints occurred over a two-year period, during which the Board impliedly approved of Spitzmiller's work by adopting his recommendations in ninety-six out of ninety-nine cases during the fourteen-month period prior to his termination. As in Cox, the Board's approval of Spitzmiller's performance removes any inference of causation between the protected speech and the decision to discontinue his employment. Moreover, it was not until June of 1996, when it received several complaints regarding Spitzmiller's allegedly rude behavior, that the Board suspended, and eventually terminated, Spitzmiller. Accordingly, we agree with the district court that the record contains no evidence sufficient to allow an inference that Spitzmiller's protected speech was a substantial or motivating factor for his termination. See id.; see also Collyer v. Darling, 98 F.3d 211, 229 (6th Cir. 1996) (noting that "it is not enough to simply demonstrate that some adverse employment action followed speech that the employer would have liked to prevent or eliminate) (citations omitted); Wright v. Illinois Dept. of Children & Family Servs., 40 F.3d 1492, 1500 (7th Cir. 1994) (stating that court cannot "typically draw strong conclusions from the mere fact that protected speech may have preceded an adverse employment decision") (citations omitted).

**B.**

Next, Sptizmiller claims that he was denied due process because the state provided inadequate procedures to appeal his termination. "To set forth a procedural due process violation, a plaintiff, first, must establish that his protected liberty or

-4-

property interest is at stake." <u>Gordon v. Hansen</u>, 168 F.3d 1109, 1114 (8th Cir. 1999) (per curiam) (citing <u>Marler v. Missouri State Bd. of Optometry</u>, 102 F.3d 1453, 1456 (8th Cir. 1996)); <u>accord</u> <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 569 (1972); <u>Graning v. Sheburne County</u>, 172 F.3d 611, 616 (8th Cir. 1999).  Spitzmiller contends that his termination infringed on a property interest.  We disagree.

To claim entitlement to pre-termination due process, Spitzmiller must show that he had a protected property interest derived from a source such as state law.  <u>See</u> <u>West Washington County Emergency Med. Servs. v. Washington County</u>, 967 F.2d 1252, 1254 (8th Cir. 1994) (quoting <u>Roth</u>, 408 U.S. at 577).  To establish a protected property interest in his employment, he must show that he could have been fired only for good cause.  <u>See</u> <u>Pace v. Moriarty</u>, 83 F.3d 261, 262 (8th Cir. 1996) (citing <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 538-39 (1985).  Here, Spitzmiller has neither presented evidence that he was other than an at-will employee nor shown that the Missouri merit system was applicable to him.  <u>See</u> Mo. Rev. Stat. § 36.030.1 (exempting attorneys from merit system).  Instead, he claims that violations of the Missouri "Whistleblower" statute, Mo. Rev. Stat. § 105.055, and the Missouri "Sunshine Act," Mo. Rev. Stat. § 610.028.3, created a protected property interest in his employment.  Spitzmiller has failed, however, to present sufficient evidence that his termination was caused by speech protected by these acts.  Thus, his discharge implicated no procedural due process rights.

## C.

Spitzmiller claims that defendants denied him access to the federal courts by various instances of withholding information and conducting private hearings.  Spitzmiller's filing of two federal lawsuits cuts against this argument, however.  <u>See, e.g.</u>, <u>Swekel v. City of River Rouge</u>, 119 F.3d 1259, 1263 & n.1 (6th Cir. 1997) (noting right of access applies when violation would foreclose plaintiff from filing lawsuit); <u>Foster v. City of Lake Jackson</u>, 28 F.3d 425, 430 (5th Cir. 1994) (stating right is

implicated when ability to file claim is delayed or blocked).  In addition, Spitzmiller has not produced sufficient evidence that the defendants knowingly obstructed his ability to bring any other claims.

The only impediment to Spitzmiller's federal lawsuit resulted from the district court's stay based on principles of abstention in the initial stages of that suit.   As indicated above, we declared moot Spitzmiller's appeal of that stay in light of his dismissal of his state court actions.  See Spitzmiller, 1997 WL 633092.  Thereafter, his federal lawsuit proceeded in due course.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.