STATE of Missouri ex rel. Robert J. KAR-
MI, Barbara Anne Karmi, Emil H. Har-
ding, and Ann Harding, Plaintiffs-Ap-
pellants,

v.

Harry E. VonROMER, James R. Butler,
Elizabeth VanUum, Donald L. Bond,
Brainerd W. LaTourette, Jr., Carl W.
Breihan, and Maurice L. Stewart, mem-
bers of and constituting the St. Louis
County Council, Defendants-Respon-
dents.

No. 38966.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 14, 1978.

Anthony J. Sestric, St. Louis, for plain-
tiffs-appellants.

Thomas W. Wehrle, County Counselor,
Dennis K. Morgan, Donald K. Anderson,
Asst. County Counselors, Clayton, for de-
fendants-respondents.

REINHARD, Judge.

Appellants appeal from an order quash-
ing an Alternative Writ of Mandamus.[1]
There appears to be no dispute as to the
facts. Appellants are the owners of Lots 8
and C located in Baumgartner Estates, a
subdivision in St. Louis County, Missouri.
Between the lots is a portion of a public
street known as Fireleaf Drive. The por-
tion of Fireleaf Drive involved in this action
extends in an east-west direction. Appel-
lants' property is located on the north and
south sides of the street. Appellants filed,
in compliance with relevant provisions of
Missouri law, § 71.270, RSMo 1969, a peti-
tion with the St. Louis County Council on or
about April 20, 1976, to vacate a section of
Fireleaf Drive. The St. Louis County

1. An order refusing an Alternative Writ of
Mandamus is not appealable. However, once
an alternative writ is issued, an appeal can be
taken from an order of the court sustaining a
Motion to Quash the Alternative Writ. *State
ex rel. Brandon v. Hickey,* 462 S.W.2d 159
(Mo.App.1970).

Council,[2] referred the matter to the St. Louis County Planning Commission and the St. Louis County Department of Streets. They recommended vacation. No further action on the petition was taken by the County Council, which members are respondents herein. On November 24, 1976, appellants filed a Petition for a Writ of Mandamus in the Circuit Court of St. Louis County,[3] and on the same day, an Alternative Writ of Mandamus was issued, directing the respondents to either rule and decide upon appellants petition or to appear before the Circuit Court on December 6, 1976, to show cause why it had refused to do so. Respondents filed a Motion to Quash claiming that Mandamus was not a proper remedy since it constituted an attempt to interfere with acts which were discretionary and not merely ministerial. The court sustained respondents Motion to Quash the Alternative Writ of Mandamus.

Section 71.270, RSMo 1969 provides:

"1. Whenever a tract or parcel of land, being outside the limits of any incorporated town, village or city shall have been subdivided and streets, avenues, roads, alleys, public square or common marked on the recorded plat of said subdivision, *it may be lawful* for the county court of the county in which the subdivision is located to vacate the streets, alleys, roads, public square or common or part of either upon petition of the owner or owners of the ground lying on both sides of or fronting on the street, avenue, road, alley or public square or common, or part thereof, proposed to be vacated.

2. But no such vacation shall be ordered until proof shall be made to the court of the publication in a newspaper published in the county, or of written or printed notices posted in five public places in the county, at least fifteen days prior to the term of the court at which such petition shall be presented, that application would be made at that term of the court for the vacation of the street, avenue, road, alley, public square or common, or part thereof, as described in the petition. Such notice shall state distinctly the nature of the application, when it is to be made, and what street, avenue, road, alley, public square or common or part thereof, is proposed to be vacated; and if no person interested in such subdivision shall appear and show cause to the court why the vacation should not be made, *the court may make the order for the vacation* as requested in the petition." (Emphasis added).

Respondents on appeal contend that the use of the word "may" in the statute compels the view that the rendering of a decision upon a petition to vacate a road is a discretionary, quasi-judicial act and that the St. Louis County Council is within its authority in refusing to act. Respondents cite *Duenke v. St. Louis County,* 358 Mo. 91, 213 S.W.2d 492 (1948) as authority that the county court, in vacating roads, acts judicially and not administratively. However, in *Duenke,* the court held that an appeal lies from a road vacation order made under § 7320 (the predecessor of § 71.270). Plaintiffs clearly have the right to appeal an adverse ruling on their petition to vacate.[4]

If respondents' view is allowed to *prevail,* appellants will be deprived of their legal right to appeal and to judicial review. Appellants agree the County Council has ordered to sustain their petition to vacate, but that respondents be compelled to act and to rule on the petition.

2. St. Louis County is a charter county. The County Council, established under its charter is charged with duties normally performed by the County Court. *In Re Incorporation of City of River Bend,* 530 S.W.2d 704 (Mo.App.1975). The provisions in the statutes pertaining to County Court's duties relating to "Road Vacations" apply to the St. Louis County Council.

3. Appellants in their petition for a Writ of Mandamus, have not asked that respondents be

4. See *Ross v. Conco Quarry, Inc.,* 543 S.W.2d 568 (Mo.App.1976); §§ 228.120(2) and 49.230, RSMo 1969.

discretion to vacate or not to vacate a road, but argue that where discretion of this nature is vested in public officials, the courts will by mandamus compel the officers to exercise that discretion, one way or the other.

We agree. The court in *State ex rel. House v. White,* 429 S.W.2d 277, 280 (Mo. App.1968) stated:

> "It has long been established that mandamus will lie to compel a judge to exercise his discretion but that it will not lie to control the manner in which such discretion is exercised. In other words, if respondent had refused to rule on the motion or had refused to actually give it due consideration, mandamus would lie to require that he rule and that he give it proper consideration when so ruling. However, mandamus will not lie to require that he rule in any certain manner." [5]

Respondents misconceive the Council's discretion. The words "may . . . vacate" as used in § 71.270, gives the Council discretion to vacate or not to vacate; but the Council's duty to consider and reach a decision on the petition is not discretionary.

Respondents claim that the issuance of a Writ of Mandamus constitutes an encroachment upon the legislative function of the St. Louis County Council. The Council has adopted by resolution Rule 25B.[6] This rule provides a procedure in the County Council for the control of its docket but this rule can not be used to circumvent the County Council's duties.

Respondents have refused to act further upon appellants' petition. Where the County Council refuses to exercise the power and authority imposed on it by law, mandamus is the appropriate remedy to compel it to act. Since the remedy requested by appellants is a proper remedy, the trial court erred in sustaining respondents' Motion to Quash the Alternative Writ of Mandamus. The order is reversed and the case remanded.

STEWART, P. J., and STEPHAN, J., concur.

---

5. See *State ex rel. Best v. Jones,* 155 Mo. 570, 56 S.W. 307 (1900); *State ex rel. Gehrig v. Medley,* 28 S.W.2d 1040 (Mo.App.1930); Weier & Fairbank, "Mandamus in Missouri: A Guide for the Practitioner", 24 St. Louis Bar Journal No. 3, 10, 14–17, and fn. 76.

6. "Rule 25B. All Petitions for the vacation or relocation of roads, additions, lots, streets, alleys, easements, commons, public squares or parts thereof, where same have been carried on the docket from term to term over a long period of time without action by any County Official or request for action by the Petitioners shall be automatically dropped from the calendar for consideration by the Council, and shall not be brought to the Council's attention again where such Petition has been on file for two years with no action whatsoever, except continuances from term to term. Any Petitions so dropped from consideration may be reinstated only upon motion of the County Council." Respondents do not contend that the procedure under this Rule constitutes a decision of the County Council which would be "appealable" and subject to "Judicial Review".