STATE of Missouri ex rel. RIVER CEMENT COMPANY and Travelers Insurance Company, Relators,

v.

The Honorable Donald J. PEPPLE, Administrative Law Judge, Respondent.

No. 40155.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 12, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Edward M. Vokoun, Evans & Dixon, St. Louis, for relators.

Vincent M. Igoe, St. Louis, Ray E. White, Jr., Clayton, Terry C. Allen, Jefferson City, for respondent.

GUNN, Judge.

■ Relators River Cement Company and Travelers Insurance Company sought a writ of prohibition in Jefferson County Circuit Court directed to Administrative Law Judge Donald J. Pepple in a workmen's compensation claim proceeding. The circuit court entered its preliminary rule in prohibition and after considering suggestions in support and opposition of the writ and arguments of counsel issued its order quashing the writ. Relators have appealed from the order quashing the preliminary writ. Inasmuch as prohibition had been granted preliminarily by the circuit court, appeal to this court is the proper procedure for presenting the matter for review. *State ex rel. Karmi v. VonRomer*, 562 S.W.2d 112 (Mo.App.1978); *State ex rel. Brandon v. Hickey*, 462 S.W.2d 159 (Mo.App.1970).[1]

The original writ proceeding was instituted by relators to prevent enforcement of an order pursuant to a workmen's compensation claim which permitted an attorney, photographer and technical expert to enter the River Cement Company plant and inspect and photograph the site where an employee of the plant was injured. Relators submit that the statutory section governing discovery in a workman's compensation case, § 287.560, RSMo 1969, only delineates depositions and subpoenas as permissible methods of discovery, and, thus, the order for inspection was beyond the jurisdiction of the administrative law judge. We affirm the order quashing the preliminary writ.

On September 20, 1975, the claimant, Marvin Otte, an employee of relator River Cement Company, was seriously burned as the result of a work-related accident. Subsequently, he was awarded and still receives medical treatment and compensation benefits in accordance with the Missouri Workmen's Compensation Act, § 287.010 et seq., RSMo. Claimant Otte filed an amended claim for compensation and alleged that his accident was caused by his employer's failure to comply with certain safety statutes, thereby entitling him to a 15% increase in award. § 287.120(4), RSMo Supp.1978. Depositions of fellow employees and managerial personnel were taken in support of claimant's claim. River Cement Company allowed the claimant's attorney to photograph the machinery which caused the injuries while it was energized. When the claimant was refused entrance to the premises for the purpose of inspecting, testing and photographing the machinery again, he filed a motion with the Division of Workmen's Compensation for permission to inspect and photograph.[2] On November 1, 1977, the respondent Pepple issued an order which commanded that River Cement Co. allow the claimant's attorney, a technical expert and a photographer to enter the premises for the purposes sought in the motion. Relators filed a petition for a writ of prohibition to prevent enforcement of the order and suggested that the respondent was without jurisdiction to make such a demand; the writ was preliminarily granted. At the hearing, counsel for relators argued: (1) that inspection of the premises was not an authorized method of discovery in the Workmen's Compensation Act; (2) that the inspection would require de-energization of the equipment at considerable expense and inconvenience to relators for which no compensation had been provided in the order of the respondent, thereby depriving them of due process of law. The claimant countered: (1) that the power to inspect was inherent in the act if the penalty section had meaning; (2) that

---

1. Of course, had the preliminary writ been denied by the circuit court, no appeal would lie from that action. *State ex rel. Brandon v. Hickey*, supra.

2. There was some indication from the testimony of the opposing counsel that the relator-employer had initially agreed to allow the second inspection but then revoked that permission on the advice of its attorney.

access was necessary to defend against any allegations that claimant failed to use certain safety equipment, thereby subjecting himself to a possible 15% penalty as provided in § 287.120(5), RSMo Supp.1978; and (3) that the realities of review in the administrative law process require the procedure in order to make a substantial record before the earliest trier—the administrative law judge. Counsel for claimant stated that he had not requested the equipment in question be shut down or de-energized for the purpose of inspection. Additionally, the claimant asserted that he was willing to make a cash bond to reimburse relators for any expense caused them by allowing the inspection. At the conclusion of the hearing, the circuit court judge quashed the preliminary rule in prohibition finding that whenever a substantive right of a workmen's compensation claimant is involved, the administrative law judge should be given latitude to protect that right through the establishment of an adequate record.

▬▬ We do not endorse a broad application of the circuit court's rationale. The degree of undelegated power which can be invoked for the sake of protecting substantive rights is not boundless. There is ample authority for the proposition that quasi-judicial bodies such as the Division of Workmen's Compensation are confined to the powers specifically granted them by statute. See, e. g.: *Ringeisen v. Insulation Services, Inc.*, 539 S.W.2d 621 (Mo.App. 1976). Section 287.560, RSMo 1969, which fuels the fire of controversy here either giving the respondent authority for his discovery order, or as relators contend, is destitute of such authority, provides:

The division, any referee thereof or the commission, shall have power to issue process, subpoena witnesses, administer oaths, examine books and papers, and require the production thereof, and to cause the deposition of any witness to be taken and the costs thereof paid as other costs under this chapter. Any party shall be entitled in process to compel the attendance of witnesses and the production of books and papers, and at his own cost to take and use depositions in like manner as in civil cases in the circuit court. Subpoena shall extend to all parts of the state, and may be served as in civil actions in the circuit court, but the costs of the service shall be as in other civil actions. Each witness shall receive the fees and mileage prescribed by law in civil cases, but the same shall not be allowed as costs to the party in whose behalf the witness was summoned unless the persons before whom the hearing is had shall certify that the testimony of the witness was necessary. All costs under this section shall be approved by the division and paid out of the state treasury from the fund for the support of the Missouri division of workmen's compensation; provided, however, that if the division or the commission determines that any proceedings have been brought, prosecuted or defended without reasonable ground, it may assess the whole cost of the proceedings upon the party who so brought, prosecuted or defended them. The division or the commission may permit a claimant to prosecute a claim as a poor person as provided by law in civil cases.

Clearly, the power to inspect is not denominated. Further, the Missouri Rules of civil procedure generally do not apply to Workmen's Compensation cases. *Tillman v. Wedge Mobile Service Station*, 565 S.W.2d 653 (Mo.App.1978); *Groce v. Pyle*, 315 S.W.2d 482 (Mo.App.1958). Therefore, Rule 58.01, which provides for discovery by inspection in civil actions, cannot be invoked for claimant's benefit. Nevertheless, the facts of the present situation compel us to affirm the circuit court's order.

▬▬ The claimant seeks to increase his award via the penalty provision of § 287.-120(4), RSMo Supp.1978:

Where the injury is caused by the failure of the employer to comply with any statute in this state or any lawful order of the division or the commission, the compensation and death benefit provided for under this chapter shall be increased fifteen percent.

In order to succeed under this statute, the claimant must demonstrate the existence of the given statute or order, its violation, and a causal connection between that violation and the compensated injury. *See, Martin v. Star Cooler Corp.*, 484 S.W.2d 32 (Mo.App. 1972). Without the power to inspect, claimant's ability to prove his case is greatly diminished. The courts have long recognized the value of expert medical testimony for establishing by competent and substantial evidence a recognizable connection between the worker's compensation claimant's injury and occupation. As stated in *Welker v. MFA Central Co-Operative*, 380 S.W.2d 481, 487 (Mo.App.1964):

> We think the question of causation was one for medical testimony, without which a finding for claimant would be based on mere conjecture and speculation and not on substantial evidence.

*Accord*: *Estes v. Noranda Aluminum, Inc.*, 574 S.W.2d 34 (Mo.App.1978). It follows, then, that the claimant would have need to produce a technician's expertise in determining whether the machine which injured him was in violation of any safety standards and whether that violation caused the injury. We concur in the relator's position that the claimant is limited to those methods of discovery specifically authorized by legislative enactment. See, e. g., *Cox v. McNeal*, 577 S.W.2d 881 (Mo.App.1979); *National Advertising Co. v. State Highway Commission*, 549 S.W.2d 536 (Mo.App.1977). But we believe that this right to inspect is inherent in the powers authorized by § 287.-560, RSMo 1969. For example, the section provides that the taking of depositions in workmen's compensation cases is to be governed by the rules of civil procedure. *Tillman v. Wedge Mobile Service Station*, supra. Rule 57.09 controls the issuance of subpoenas as they relate to depositions. Rule 57.09(b) states that a subpoena may request the person to whom it is directed to produce books, papers, documents or tangible items. We believe it chimerical to hold that the claimant can compel the relator to produce the machine in question at a deposition hearing but cannot inspect the machine with considerably less effort at rela-tor's plant. We are obliged to construe the Workmen's Compensation Act so as to give effect to every section of the statute. *Hudson v. State Security Ins. Co.*, 555 S.W.2d 859 (Mo.App.1977). Relators warn us that ". . . the courts are not at liberty to write into [the Workmen's Compensation Act] under the guise of construction, provisions which the legislature did not see fit to insert." *Schmitz v. Carr-Trombley Mfg. Co.*, 139 S.W.2d 1064, 1066 (Mo.App.1940). Yet our interpretation of the scope of discovery does not enlarge the power of the respondent beyond that intended by the legislature but merely promotes the substantive rights of the claimant granted in the penalty section—§ 287.120(4), RSMo Supp.1978.

■ Relators' argument that the contested order violated due process and the constitutional prohibitions against unreasonable searches and seizure is without merit, particularly since the order did not require that the machinery be de-energized or that production be halted. Relators argue that a single inspection should have sufficed if claimant sought merely to survey the machinery in its energized state. The claimant's motivations are not before us on appeal, however, and the protested order does not require a shut down. As counsel for claimant noted at the writ of prohibition hearing, such a request would have to be the subject of a separate motion. In any event, claimant has offered to post a bond so as to compensate the relators for possible damage.

The judgment quashing the preliminary rule in prohibition is affirmed.

REINHARD, P. J., and CRIST, J., concur.