**STATE ex rel., Keith E. STOECKER,**
**Plaintiff-Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Defendant-Respondent.**

No. 52020.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1987.

Eric J. Snyder, Clayton, for plaintiff-appellant.

Jeffrey R. Dahl, St. Louis, for defendant-respondent.

KAROHL, Judge.

Relator for writ of prohibition in circuit court attempts to appeal to this court from dismissal of preliminary writ. Appeal dismissed.

The underlying facts are not in dispute. Respondent administratively suspended relator's drivers license pursuant to Section 302.500–540 RSMo Cum Supp.1984 because relator was arrested by a municipal law enforcement officer on November 17, 1985 for violation of a city ordinance regarding an intoxication related traffic offense. Respondent determined that there was probable cause to believe that relator was driving a motor vehicle with alcohol concentration in his blood of .13% or more by weight. That determination was upheld in an administrative hearing. The petition for writ of prohibition filed in the circuit court contends that respondent never ascertained whether the arresting law enforcement officer was certified with the Commissioner of the Department of Public Safety pursuant to the provisions of Section 590.100–590.150 RSMo. 1978 nor whether he was an exempt officer or an elected police officer or official. Respondent further alleged that there was no evidence before the administrative hearing officer who proceeded according to Section 302.530 RSMo Cum Supp.1984 that the arresting officer was certified, exempt from certification, or an elected police officer. The only evidence at the administrative hearing was the file of the Department of Revenue. The Verified Report of Arresting Officer in respondent's files contains the following: "I am certified, or exempt from certification, by the Director of The Department of Public Safety ..." The administrative hearing officer made no finding of fact or conclusion of law that the arresting officer was certified, exempt or elected. Relator relies specifically on Section 302.510.3 which provides that a municipal ordinance prohibiting driving while intoxicated may not be the basis for suspension or revocation of a driver's license under the administrative procedure "unless the arresting law enforcement officer, other than an elected peace officer or official, has been certified by the Director of the Department of Public Safety pursuant to the provisions of Section 590.100 to 590.150, RSMo." The petition for writ of prohibition proceeds on the theory that absent a finding of qualification of the arresting officer, respondent exceeds his statutory authority to suspend or revoke a driver's license.

On the basis of the petition for writ of prohibition the circuit court granted a preliminary order in prohibition. Respondent filed an answer [sic, a return]. Respondent admitted an arrest based upon probable cause relating to blood alcohol concentration. The answer also asserted that the verified officer's report, a sworn statement, contains a statement to the effect that the officer was certified or exempt under Sections 590.100–150 RSMo 1978; that respondent had an adequate and exclusive remedy at law under Section 302.535, RSMo Cum Supp.1984; and, on the authority of *State ex rel. King v. Kinder,* 690 S.W.2d 408 (Mo. banc 1985) the trial court had no jurisdiction to prohibit enforcement of the suspension. Respondent also filed a motion to dismiss on the basis that the court lacked subject matter jurisdiction because of the provisions of Section 302.535 RSMo Cum Supp.1984 and the holding in *Kinder.*

▇ The trial court sustained the motion to dismiss on the basis that the preliminary order in prohibition was granted in excess of the court's subject matter jurisdiction. Clearly the court did not determine any question of fact or law on the merits of any issue raised in the petition for writ of prohibition. Under these circumstances we hold no appeal lies from the order of dismissal.

There is some authority allowing an appeal from the denial of a permanent writ of prohibition after a preliminary writ has been issued. We held in *State ex rel. Charter Bank of Jennings v. O'Toole,* 638 S.W.2d 321 (Mo.App.1982) that an appeal from an order of a trial court quashing a preliminary writ of prohibition was not

timely filed and dismissed the appeal. We there said, "[t]he order of the trial court quashing the preliminary writ is appealable. *State ex rel. River Cement Co. v. Pepple,* 585 S.W.2d 122 (Mo.App.1979) [1]." *Id.* at 322.

In *State ex rel. River Cement Co. v. Pepple,* the circuit court entered a preliminary writ of prohibition upon an administrative law judge in a workman's compensation proceeding. Relators appealed from an order quashing the preliminary writ. We noted that the order was appealable on the authority of *State ex rel. Karmi v. VonRomer,* 562 S.W.2d 112 (Mo.App.1978) and *State ex rel. Brandon v. Hickey,* 462 S.W.2d 159 (Mo.App.1970). The administrative law judge had ordered the employer to allow claimant employee's attorney, a technical expert and a photographer to enter the premises of employer for the purpose of preparing the presentation of a worker's compensation claim. The issue was whether or not the order was authorized as a method of discovery under the Worker's Compensation Act. We found the Missouri Rules of Civil Procedure relating to discovery generally do not apply to workman's compensation cases, but affirmed the order of the circuit court. The reason for affirming was that the claimant sought relief under penalty provisions of the Worker's Compensation Act contained in Section 287.120(4), RSMo Supp. 1978 and the only way to prove violation of statutes which supported penalty relief depended upon a power to inspect. In order to fully enforce all the provisions of the Worker's Compensation Act an inspection as ordered by the administrative law judge was required. This was an appeal from the denial of an absolute writ based upon a decision on the merits.

*State ex rel. Karmi v. VonRomer,* 562 S.W.2d 112 (Mo.App.1978) cited in the *Pepple* opinion involved an appeal from an order quashing an alternative writ of mandamus. Because writs of mandamus and prohibition are both discretionary writs the question of appealability would be the same. Relator Karmi sought an order of mandamus upon the St. Louis County Council that they decide an issue relating to a petition to abandon or vacate part of a street. The County Council defended on the basis that the writ was not a proper remedy since it constituted an attempt to interfere with acts which were discretionary and not merely ministerial. We held that the trial court erred in quashing the provisional writ because we found the County Council had discretion to vacate or not to vacate a road, but was not authorized to refuse to exercise its discretion. The council had a duty to consider and reach a decision on the petition. In *Karmi,* the trial court determined an issue on the merits and concluded that prohibition would not lie to compel a discretionary act. We found that determination on the merits to be erroneous.

■ The case authority which appears to have originated the conclusion that the denial of an absolute writ after the issuance of a preliminary writ is appealable is the decision in *State ex rel. Brandon v. Hickey,* 462 S.W.2d 159 (Mo.App.1970). In that case the court decided an issue which is not before this court and which stands unquestioned. The court held that no appeal lies from the denial of a provisional writ. It did not hold that an appeal lies from the denial of a writ absolute after an alternative writ has been granted. That issue was not before the court. The analysis leading to the holding is relevant to the present appeal. In *Brandon v. Hickey,* the court returned to the basic premise that the right of appeal shall be as provided by law. Under Section 512.020 RSMo 1979 appeals were authorized only to those parties aggrieved by "any final judgment in the case." Such judgment must be final and appealable, it must dispose of all parties and all issues in the case and leave nothing for further determination. In a writ proceeding the alternative writ "corresponds to the petition in an ordinary civil suit, and it is the alternative writ, and not the petition therefor, to which a respondent makes his return." *Brandon,* 462 S.W.2d at 160. It follows that the denial of the alternative writ, for whatever reason, decides no issues and cannot be a final judgment within the meaning of the statute or rule authoriz-

ing appeals. It also follows that if an alternative writ is granted and a return is filed, the issues are joined so that a court may make a decision on the merits as a final judgment if it determines all the issues in the case and leaves nothing for further determination. This decision then becomes an appealable judgment. We conclude that it does not follow that dismissal after an alternative writ without a decision on the merits is a final and appealable judgment.

In the present case the court decided no issues relating to the merits. It dismissed upon a finding that it had no jurisdiction to prohibit respondent Director of Revenue from suspending relator's driver's license as provided by statute where relator had a statutory remedy in the form of a trial de novo. Section 302.535 RSMo Cum Supp.1984. Because there is an available remedy under the statute dismissal of the writ proceeding does not deny relator a remedy. In this respect the dismissal is not the same as a dismissal for failure to state a cause of action. The latter is appealable. *Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo.App.1985). Because of the difference and the requirements of Section 512.020 RSMo 1986 the latter is not appealable.[1]

In summary, no appeal lies from the denial of a provisional writ of prohibition or mandamus. An appeal will lie from the denial of a permanent writ after the issuance of an alternative writ if the denial is based upon a decision on the merits and qualifies as a final judgment. No appeal lies from the dismissal of a writ proceeding in which an alternative writ has issued where dismissal is based upon a determination of lack of jurisdiction to issue the provisional writ. The appeal is dismissed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.

---

1. *See,* Section 508.060 RSMo 1986; and, *Redeker v. Bradbury,* 680 S.W.2d 403, 405 (Mo.App.1984) which held the proper method to attack dismissal for lack of venue is not by appeal. The remedy in such case and the present case is a writ to a higher court.