STATE ex rel. OFFICE OF the PUBLIC COUNSEL, Relator–Appellant,

v.

MISSOURI PUBLIC SERVICE COMMISSION, et al., Respondents.

No. WD 39256.

Missouri Court of Appeals, Western District.

Dec. 15, 1987.

Joni K. Ott, Office of the Public Counsel, Jefferson City, for relator-appellant.

Paul H. Gardner, Deputy General Counsel, Jefferson City, for Respondents.

Before KENNEDY, C.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

The Public Counsel filed a petition for a writ of prohibition against the Public Service Commission in the Circuit Court of Cole County. The court issued a preliminary order, and after the Commission filed its return, the court found that the preliminary order had been improvidently issued and that the court lacked jurisdiction to issue such order. The effect of such ruling was to dismiss the petition.

The Public Counsel has appealed, and the Commission contends there is no final appealable judgment. Appeal dismissed.

The Commission contends that when a court dismisses a petition for a writ of prohibition after a preliminary order is granted, there is no appealable judgment unless the court decides the matter upon the merits. But it contends that when a court simply decides that it does not have jurisdiction after a preliminary order is issued, no appeal will lie. The Commission relies upon *State ex rel. Stoecker v. Director of Revenue*, 734 S.W.2d 263 (Mo. App.1987).

The Public Counsel counters that there is a final appealable judgment and relies upon *State ex rel. River Cement Co. v. Pepple*, 585 S.W.2d 122 (Mo.App.1979).

The court in *Stoecker* examined a number of cases involving an appeal from the circuit court in matters involving a petition for writ of prohibition. The court discussed *River Cement*, along with a number of other cases, and distinguished *River Cement* on the ground that in such case there was a decision on the merits. The court concluded by holding:

In summary, no appeal lies from the denial of a provisional writ of prohibition or mandamus. An appeal will lie from the denial of a permanent writ after the issuance of an alternative writ if the denial is based upon a decision on the merits and qualifies as a final judgment. No appeal lies from the dismissal of a writ proceeding in which an alternative writ has issued where dismissal is based upon a determination of lack of jurisdiction to issue the provisional writ.

734 S.W.2d at 266[4–6].

Although the court in this case did not state the reason for which it found that it lacked jurisdiction, the court clearly found that it lacked jurisdiction and thus did not decide the case on the merits. This court agrees with the analysis of the problem stated in *Stoecker* and holds that when a preliminary order is dismissed because of a lack of jurisdiction, such order is not appealable. The remedy, of course, is to seek a writ in a higher court.

Appeal dismissed.

All concur.