STATE of Missouri ex rel. LESTER
E. COX MEDICAL CENTER,
Relator–Appellant,

v.

Robert E. WIELAND, Administrative Law
Judge, Division of Workers' Compensa-
tion, Respondent–Respondent.

No. 22296.

Missouri Court of Appeals,
Southern District.

Jan. 25, 1999.

Motion for Rehearing and Transfer
Denied Feb. 16, 1999.

Application for Transfer Denied
March 23, 1999.

David F. Sullivan, Schmidt, Kirby & Sullivan, P.C., Springfield, for Appellant.

William W. Francis, Jr., Jacinda A. Thudium, Springfield, for Respondent.

BARNEY, Judge.

Relator for writ of prohibition filed in the Circuit Court of Greene County appeals from the circuit court's judgment (l) quashing its preliminary order in prohibition originally directed to Robert E. Wieland, Administrative Law Judge, Division of Workers' Compensation (Respondent); and (2) dismissing Relator's petition for a writ of prohibition.[1]

The facts in the underlying litigation reveal that Lester E. Cox Medical Center (Relator) is the employer in a workers' compensation proceeding wherein Mary Ellen Flynn (Employee) filed a claim for benefits against Relator. Respondent issued a "temporary or partial award" (temporary award) on February 5, 1998. In his temporary award Respondent ordered Relator to provide medical care and treatment to Employee in the form of a medically approved weight loss program, together with psycho-therapy treatment for depression.

Relator obtained from the circuit court on March 3, 1998, a preliminary order in prohibition pleading that Relator had no "adequate remedy by appeal" from Respondent's actions "in excess of his powers under the law."[2]

After Respondent filed his response, however, the circuit court seasonably entered a judgment quashing its March 3, 1998, preliminary order in prohibition and dismissed Relator's petition for writ of prohibition. In its judgment, the circuit court found that:

> [T]he Labor and Industrial Relations Commission has exclusive jurisdiction over the determination of what is reasonable and necessary treatment under the Workers' Compensation Act. This Court further finds that the Commission's Order dismissing Relator's Applicaton for Review is applicable. This Court further finds that Relator must exhaust all administrative remedies. (Emphasis added.)

Relator appeals on the basis of three points of circuit court error.[3] We review only Relator's first point because it is dispositive.

In its first point, Relator asserts the circuit court erred in quashing its preliminary order when it determined that the Commission had exclusive jurisdiction over the determination of what is reasonable and necessary treatment under the Workers' Compensation Act. Relator maintains that the circuit court had "writ power which can be exercised to remedy Respondent's failure to act within the confines of his jurisdiction and powers under the law."

■ As a preliminary matter we determine that we have authority to review this

1. In its preliminary order the circuit court ordered the administrative law judge (ALJ) to "refrain from all action in the premises until further ordered," and set aside the ALJ's temporary award in an underlying claim for workers' compensation, discussed *infra*.

2. Relator acknowledged in its petition for a writ of prohibition that "[s]ince this is a Temporary Award, there is no review available by the Labor and Industrial Relations Commission 8 CSR 20–3.040." Indeed, shortly before the circuit court quashed its prelminary order in prohibition, the Labor and Industrial Commission (Commission)

had, on March 12, 1998, dismissed Relator's Application for Review of the temporary award.

3. The Missouri Supreme Court has recently stated that "[t]he proper remedy to contest the dismissal of a petition for writ of prohibition is a request for a writ from a higher court." *Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348, 355 (Mo. banc 1995)(citing *State ex. rel Stoecker v. Director of Revenue*, 734 S.W.2d 263, 266 (Mo.App.1987)); *see also State ex. rel Arnett v. Greer*, 921 S.W.2d 128, 129 (Mo.App. 1996).

appeal. "[A]n order quashing a preliminary writ is an appealable, final judgment." *Lohman v. Personnel Advisory Bd.*, 948 S.W.2d 701, 703 (Mo.App.1997); *see also Arnett*, 921 S.W.2d at 129. A writ of prohibition is an extraordinary remedy to be used with great caution, forbearance, and only in cases of extreme necessity. *Scott County Reorg. R–6 School Dist. v. Missouri Comm'n on Human Rights*, 872 S.W.2d 892, 893 (Mo.App.1994). Use of this power to issue a writ of prohibition has been limited to correction or prevention of inferior court or agency action without or in excess of jurisdiction.[4] *See id.* at 894; *see also State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991). In order for relief by writ to lie, two elements must exist simultaneously: (1) the absence of jurisdiction in the tribunal before which a matter is pending; and (2) the lack of an adequate remedy at law by way of appeal. *See State ex Rel. Martin v. Peters*, 649 S.W.2d 561, 563 (Mo.App.1983); *Missouri Pac. R.R. Co. v. Missouri Comm'n on Human Rights*, 606 S.W.2d 496, 503 (Mo.App.1980).

▮ "The workers' compensation statute was intended to be an exclusive remedy for injured workers. Section 287.120, RSMo 1994." *State ex rel. Rival Co. v. Gant*, 945 S.W.2d 475, 476 (Mo.App.1997). "The determination of what sort of care as may be necessarily rendered to the employee is within the exclusive province of the Division of Workers' Compensation."[5] *Id.* at 477; *Felts*

*v. Ford Motor Co.*, 916 S.W.2d 798, 801–02 (Mo.App.1995); *State ex rel. Standard Register Co. v. Mummert*, 880 S.W.2d 925, 926 (Mo.App.1994). This being the case, we determine the trial court lacked subject matter jurisdiction to adjudicate matters relating to the propriety of an administrative law judge's temporary award to a workers' compensation claimant under section 287.510, RSMo 1994. *See id; see also Felts*, 916 S.W.2d at 801–02.[6]

▮ Additionally, we observe that "Section 287.510, RSMo 1986, provides for temporary or partial awards which may be modified and may be kept open until a final award can be made." *Lewis v. Container Port Group*, 872 S.W.2d 134, 136 (Mo.App.1994); *see also* 8 CSR 20–3.040. "Section 287.495 [RSMo 1986] authorizes an appeal from the 'final award of the commission' to the appellate court." *Hillenburg v. Lester E. Cox Med. Ctr.*, 879 S.W.2d 652, 655 (Mo.App. 1994). "A 'final award' is one which disposes of the entire controversy between the parties." *Id.* "An order lacks finality where it remains tentative, provisional, contingent, subject to recall, revision or reconsideration by the issuing agency." *Id.*

▮ In the instant matter, Respondent's temporary award was made pursuant to section 287.510, RSMo 1994, and except in certain limited situations, not applicable herein, no appeal lies from a temporary or

4. We observe that "jurisdiction" has many meanings depending upon the context used. *Scott County Reorg. R–6 School Dist.*, 872 S.W.2d at 893. " 'Jurisdiction' is a loosely employed term but generally it includes three kinds of authority, over the subject matter, over the person, and to render the order given." *Id.* " 'Jurisdiction' is often used ambiguously; in its stricter sense, it means judicial authority over the subject matter and parties; in its broader sense, it includes the power to grant specific relief in cases within such authority." *Id.*

5. In *State ex rel Rival Co. v. Gant, supra*, workers' compensation claimants filed a lawsuit against employer, Rival, alleging discrimination for claimant's having filed workers' compensation claims. Employer filed a motion to dismiss arguing that the trial court lacked subject matter jurisdiction because the allegations in the lawsuit fell within the exclusive jurisdiction of the Workers' Compensation Act. When the trial

court denied employer's motion to dismiss the Western District of this Court granted a preliminary writ of prohibition, which it later made permanent. The appellate court stated that the trial court should have sustained the motion to dismiss because the trial court lacked subject matter jurisdiction. It reasoned that the workers' compensation act was intended to be an exclusive remedy for injured workers, as set out in Chapter 287. *Id.* at 476–77.

6. Finding it had no jurisdiction to proceed in the underlying matter, we determine that the remaining provisions of the circuit court's judgment, including its findings that Relator "must exhaust all administrative remedies" are surplusage and without legal effect. *See Barkley v. Carter County State Bank*, 791 S.W.2d 906, 915–16 (Mo.App.1990). Consequently, the two remaining points of error involving the trial court's judgment are rendered moot.

partial award made pursuant to section 287.510, RSMo 1994. *See Forkum v. Arvin Industries, Inc.,* 956 S.W.2d 359, 362–63 (Mo. App.1997). Relator maintains that since it "has no adequate remedy by appeal, it is forced to comply with this Temporary Award under threat of penalty provided by R.S.Mo. § 287.510." Therefore, Relator argues that "absolute irreparable harm will befall Realtor [sic] if no relief is granted as prayed."

As a general rule, however, a writ of prohibition does not provide a remedy for all legal difficulties nor serve as a substitute for appeal. *See Douglas Toyota,* 804 S.W.2d at 752; *see also In re Conard,* 944 S.W.2d 191, 202 (Mo. banc 1997). "To depart from the usual application of prohibition, however, requires a 'peculiarly limited situation' where some 'absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available....' " *Douglas Toyota,* 804 S.W.2d at 752.

We determine, however, that Relator does have an adequate remedy at law. Judicial review is available after administrative remedies are exhausted. *See Hillenburg,* 879 S.W.2d at 656; *see also* § 287.495, RSMo 1994.[7] The fact that Relator's eventual remedy may be unsatisfactory or inconvenient alone, does not invoke the necessity for the issuance of an extraordinary writ of prohibition. *See State ex rel. Grimes v. Appelquist,* 706 S.W.2d 526, 528 (Mo.App.1986); *see also Douglas Toyota,* 804 S.W.2d at 752.

The trial court's judgment quashing its preliminary order in prohibition is affirmed.

GARRISON, C.J. and MONTGOMERY, J., concur.

---

7. In *Hillenburg* this Court determined that an adminstrative law judge's temporary award was not a "final award," thereby precluding appellate review of the temporary award. *Hillenburg,* 879 S.W.2d at 656. We observed that under those circumstances an "[e]mployer is subjected to future payments with no possibility of review concerning those individual payments until a final award is entered, and that at that time reimbursement in the event of reversal could be questionable. This, however, is a dilemma which must be solved, if at all, by the legislature." *Id.*