Robert A. **MERRELL**, Appellant,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Respondent.

No. WD 60659.

Missouri Court of Appeals, Western District.

Aug. 20, 2002.

---

trial court that the officer did not have reasonable grounds to believe that she was intoxicated.

Michael S. Shipley, Liberty, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

Robert A. Merrell appeals from the dismissal of his petition for writ of prohibition which, had it been issued, would have prohibited the Department of Revenue director from enforcing the suspension or revocation of Merrell's driving privileges following Merrell's arrest for driving while intoxicated. We hold that an appeal does not lie where a preliminary writ has been quashed and the writ proceeding dismissed based upon the circuit court's determination that it lacked jurisdiction. We, therefore, dismiss Merrell's appeal.

On February 21, 2001, authorities arrested Merrell in Clay County and charged him with driving while intoxicated pursu-

ant to § 577.010.[1] On the same day, Merrell received notice that the director of the Department of Revenue would suspend or revoke his driving privileges in 15 days because his arrest was on probable cause that he was driving with a blood alcohol concentration in excess of the legal limit. Merrell surrendered his license and requested the administrative hearing to which he was entitled under § 302.530.

About two weeks before convening a hearing on April 9, 2001, Curtis D. Lashley, the director's administrative hearing officer, provided Merrell with copies of documents that the Department of Revenue had received in his case. Before the hearing, Merrell received a supplement to the record consisting of the Type II permit of the officer inspecting the machine used to test Merrell's blood alcohol content.

During the hearing, Lashley announced that he would admit the director's evidence, subject to Merrell's objections. Merrell objected to Lashley's admitting into evidence the breath test. He argued that the record contained no evidence that anyone holding a Type II permit had inspected the machine used in the breath test. Although Merrell had received a copy of the permit before the hearing, Lashley sent another copy to him via facsimile transmission during the hearing.

After the hearing, Lashley explained to Merrell that on April 3, 2001, six days before the hearing, Lashley had discovered that the permit was missing from the case file. Lashley had a copy of the permit in his office, and he directed that the records custodian certify the permit and supplement the department's record with it.

The day after the hearing, on April 10, Lashley issued findings of fact and conclusions of law in which he concluded that Merrell's driving license should be suspended or revoked. On April 20, Merrell filed a petition for a writ of prohibition and alternatively trial *de novo*. On April 25, the circuit court issued its preliminary order in prohibition in which it prohibited the director from enforcing the suspension or revocation of Merrell's license.

On June 20, the director filed her motion to dismiss Merrell's petition for a writ of prohibition along with a motion to quash the preliminary order in prohibition. On September 19, the circuit court sustained the director's motion to dismiss and to set aside the preliminary order in prohibition. On November 2, Merrell voluntarily dismissed his alternative petition for trial *de novo*, disposing of all claims. Merrell appeals, arguing that the circuit court erred in granting the director's motion to dismiss.

■ The circuit court did not specify its ground for sustaining the motion; however, the arguments raised in the director's motion challenged the circuit court's jurisdiction to review the director's decision in the face of the legal relief afforded under § 302.535. We deem the circuit court's ground for dismissing as a lack of jurisdiction. *See Bachman v. Bachman*, 997 S.W.2d 23, 26 (Mo.App.1999).

■ We first determine whether an appeal lies from the dismissal of Merrell's petition following the circuit court's quashing of its preliminary writ issued in his favor.[2] We are obligated to ascertain whether the appeal is from a final judgment and to dismiss the appeal if it is not.

1. All citations to statutes refer to the 2000 Revised Statutes.

2. Of course, had the circuit court denied Merrell's petition for a writ outright, rather than issue a preliminary writ, no appeal would lie. *State ex rel. Brandon v. Hickey*, 462 S.W.2d 159, 161 (Mo.App.1970).

*Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 910 (Mo. banc 1997).

Recent case law states generally that an order quashing a preliminary writ is an appealable, final judgment. It does so without making any distinction concerning the ground for dismissing the preliminary writ. *See, e.g., State ex rel. Lester E. Cox Medical Center v. Wieland,* 985 S.W.2d 924, 926 (Mo.App.1999); *State ex rel. Lohman v. Personnel Advisory Board,* 948 S.W.2d 701, 703 (Mo.App.1997); *State ex rel. Marler v. State Board of Optometry,* 898 S.W.2d 559, 560 (Mo.App.1994). Some courts have ruled that an appeal lies in cases such as Merrell's, when a preliminary writ has been quashed on the ground that the circuit court lacked subject matter jurisdiction. *See, e.g., Wieland,* 985 S.W.2d at 925–26. However, although not always expressly stating so, courts have held more often that an appeal lies from a preliminary writ quashed on the case's merits. *See, e.g., Lohman,* 948 S.W.2d at 702–03; *Marler,* 898 S.W.2d at 561–62; *State ex rel. River Cement Company v. Pepple,* 585 S.W.2d 122, 124 (Mo.App. 1979).

As we said in *State ex rel. Office of Public Counsel v. Missouri Public Service Commission,* 741 S.W.2d 114 (Mo. App.1987), we join this court's Eastern District in its conclusion, enunciated in *State ex rel. Stoecker v. Director of Revenue,* 734 S.W.2d 263 (Mo.App.1987), that the distinction between a preliminary writ dismissed on the merits of a case as opposed to one dismissed on jurisdictional grounds is significant. This is because, in dismissing its preliminary writ on jurisdictional grounds, the circuit court has not decided any of the issues on the merits. It simply has refused to assume authority to act in the case, much as it does when it refuses to issue a writ from the outset. Of course, the law is firmly established that

no right of appeal lies from the circuit court's denial of a petition for an extraordinary writ outright. *State ex rel. Brandon v. Hickey,* 462 S.W.2d 159, 161 (Mo.App. 1970). An appeal does not lie from the dismissal of a writ proceeding in which dismissal is based upon the circuit court's determination that it lacked jurisdiction to issue a preliminary writ. *Stoecker,* 734 S.W.2d at 266; *State ex rel. Office of Public Counsel v. Missouri Public Service Commission,* 741 S.W.2d 114, 115 (Mo. App.1987).

Because the circuit court in Merrell's case dismissed Merrell's petition without reaching the merits of his petition, an appeal will not lie. This result is in accord with the general rule that "[t]he proper remedy to contest the dismissal of a petition for writ of prohibition is a request for a writ from a higher court." *Farm Bureau Town and Country Insurance Company of Missouri v. Angoff,* 909 S.W.2d 348, 355 (Mo. banc 1995).

We, therefore, dismiss Merrell's appeal.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.