**Bodine BROWN, Appellant,**

v.

**CITY OF OVERLAND, et al., Respondents.**

**No. ED 81395.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 28, 2003.

Eric T. Tolen, Clayton, MO, for appellant.

Philip J. Mackey, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Bodine Brown (Brown) attempts to appeal from the trial court's judgment quashing its preliminary writ of mandamus and dismissing Brown's cause on procedural grounds. We dismiss the appeal.

Brown filed an application for pension benefits under the Non–Uniform Pension Plan for the City of Overland. The Board of Trustees for the Non–Uniform Pension Plan for the City of Overland (the Board) denied Brown's application for pension benefits. Pursuant to Brown's request, the Board held a full hearing on Brown's eligibility for pension benefits. The Board again denied Brown's application on the basis that he was not eligible for pension benefits because he was never a full-time employee as required by Section 125.020 of the Overland City Code.

Brown filed a petition for writ of mandamus in the Circuit Court of the St. Louis County against the City of Overland, Robert Dody, and the Board (collectively Respondents). The trial court issued a preliminary writ of mandamus and ordered Respondents to file a responsive pleading. Thereafter, the trial court entered its judgment quashing the preliminary writ of mandamus and dismissing Brown's cause with prejudice on the grounds that the trial court did not have jurisdiction to issue a writ of mandamus and that Brown's proper remedy was an administrative appeal under Chapter 536 of the Revised Missouri Statutes, the Administrative Procedure Act. This appeal follows.

As an initial matter, we must determine whether this court has jurisdiction. Respondents filed a motion to dismiss Brown's appeal because there is not an appealable judgment. We agree that we do not have jurisdiction and cannot reach the substantive issues of Brown's appeal. "No appeal lies from the dismissal of a writ proceeding in which an alternative writ has issued where dismissal is based upon a determination of lack of jurisdiction to issue the provisional writ." *State ex rel. Stoecker v. Director of Revenue*, 734 S.W.2d 263, 266 (Mo.App. E.D.1987); *see also State ex rel. Johnson v. Personnel Advisory Bd. of State of Mo.*, 836 S.W.2d 519 (Mo.App. E.D.1992); *State ex rel. Office of Public Counsel v. Missouri Public Service Com'n*, 741 S.W.2d 114 (Mo.App. W.D.1987). Here, the trial court decided no issues relating to the merits. The trial court quashed the preliminary writ of mandamus because the trial court found it did not have jurisdiction to issue a writ of

mandamus and that Brown's proper remedy was an administrative appeal pursuant to Chapter 536 of the Revised Missouri Statues. Because the trial court did not reach the merits, its judgment of dismissal is not appealable. Respondents' motion to dismiss is granted.

Appeal dismissed.

HOFF and DRAPER, JJ., concur.