STATE of Missouri ex rel. Susan Carol BISHOP, Petitioner–Appellant,

v.

David HEDSPETH, Judge Bradshaw Smith, Prosecutor Missy Duncan, Clerk, Defendants–Respondents.

No. 25358.

Missouri Court of Appeals,
Southern District,
Division Two.

May 28, 2003.

Susan Carol Bishop, pro se.

David Hedspeth, pro se.

Bradshaw Smith, pro se.

Missy Duncan, pro se.

Before PREWITT, P.J., SHRUM, J., and RAHMEYER, C.J.

PER CURIAM.

From what we can glean from the record, Susan Carol Bishop ("Petitioner") appeals from the dismissal of her *pro se* petition for a writ of prohibition, which was filed in the Circuit Court of Carter County on November 11, 2002 against The Honorable David J. Hedspeth, Bradshaw Smith, and Missy Duncan (collectively, "Respondents").[1] The circuit court dismissed the petition for lack of jurisdiction. We do the same.[2]

We do so as we determine that we are without jurisdiction to entertain the appeal. The dismissal of a writ proceeding in which dismissal is based upon the court's determination that it lacked jurisdiction to issue a preliminary writ is not appealable. *Merrell v. Director of Revenue*, 82 S.W.3d 227, 230 (Mo.App. W.D. 2002); *State ex rel. Stoecker v. Director of Revenue*, 734 S.W.2d 263, 266 (Mo.App. E.D.1987). We, therefore, dismiss the appeal.[3]

---

1. We are not certain from the record but it appears that on April 1, 1999, Judge Hedspeth, as Associate Circuit Judge of Carter County, issued a warrant for Petitioner's arrest in relation to misdemeanor traffic violations. Petitioner was arrested and incarcerated pursuant to the arrest warrant in October 2002. Bradshaw Smith, as prosecuting attorney for Carter County, filed a motion to dismiss the charges against Petitioner, which was granted, and Petitioner was released. Petitioner then filed a petition for a writ of prohibition seeking to prohibit "Respondents from enforcing the 'Order' of Dismissal 'at the cost of the Defendant'" and prohibiting Respondents from taking any further action in relation to the dismissed charges.

2. Petitioner did not comply with any of the requirements of Supreme Court Rule 84.04, but rather than belabor the numerous deficiencies of the brief, and because we can ascertain that this appears to be an appeal from the dismissal of a petition for a writ of prohibition, we summarily dismiss the appeal.

3. Because we have determined that we have no jurisdiction over this appeal, Petitioner's additional motions are denied as moot. *See In re Marriage of McMillin*, 908 S.W.2d 860, 863 (Mo.App. S.D.1995).