**STATE ex rel. Julius ACOFF,
et al., Appellants,**

v.

**The CITY OF UNIVERSITY
CITY, Respondent.**

**No. ED 86145.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 27, 2005.

Althea P. Johns, St. Louis, MO, for appellants.

Gregg M. Lemley, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The appellants, all firefighters for the City of University City, appeal from the dismissal of their petition for writ of mandamus. The sole relief requested by the appellants in their petition was an order in mandamus directing the City to cancel a promotional examination for the position of battalion chief, which was scheduled for February 7, 2005. The trial court issued an *ex parte* preliminary order in mandamus ordering the City to cancel the exam until further order, and to file an answer. The City filed a motion to quash the preliminary writ of mandamus, and to dismiss the appellants' petition for failure to state a claim. The City's motion was called and heard, and the trial court granted the City's motion. The firefighters appeal, alleging the trial court erred in dismissing their petition.[1] We dismiss the appeal as moot.

"'A threshold question in any appellate review is the mootness of the controversy.'" *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001) *quoting Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App.1999). It is settled law that the courts of this State do not decide moot cases. *Kinsky v. Steiger,* 109 S.W.3d 194, 195 (Mo.App. E.D.2003). Because mootness implicates the justiciability of a case, we may dismiss a case for mootness *sua sponte. Reed,* 41 S.W.3d at 473. "'When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case

---

1. The appellants and the City both acknowledge that one of the appellants, Julius Acoff, has died. No claim has been advanced that any interest he has in this litigation survives his death. Accordingly, the cause of action as to the deceased appellant, Julius Acoff, is dismissed.

is moot and generally should be dismissed.' " *Id.*

This case is moot. The appellants sought to prevent the City from proceeding with a promotional examination for the position of battalion chief. Yet, the City has filed an affidavit showing that, once the mandamus order was lifted and the petition for writ of mandamus dismissed, the City rescheduled and proceeded with its battalion-chief exam, which took place in March of 2005. A new battalion chief was later selected and began serving in that position on April 6, 2005. Because the examination and selection have already occurred, we cannot grant any effectual relief. Accordingly, we dismiss this appeal as moot.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.