James **ATTEBERRY**, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE and Missouri Department of Corrections, Respondents.**

No. WD 65986.

Missouri Court of Appeals,
Western District.

June 13, 2006.

James Atteberry, Cameron, MO, appellant Pro Se.

Andrew W. Hassell, Jefferson City, MO, for respondents.

Before VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge, and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

James Atteberry appeals from the denial of his petition for writ of mandamus, filed in the Circuit Court of Cole County, in which he requested that the circuit court order Respondents, the Missouri Department of Probation and Parole and the Missouri Department of Corrections, to correct their records to reflect that he did not have a prior prison commitment under § 559.115. In denying Appellant's petition, the circuit court held that his claim was moot because he had already served forty percent of his sentence.

Appellant is serving a four-year term in the Missouri Department of Corrections for driving while intoxicated concurrently with another three-year term for driving while intoxicated. On May 5, 2005, Appellant filed a *pro se* petition for writ of mandamus in the circuit court asking that Respondents be ordered to correct their records to reflect that he had no prior remands to the department of corrections. Appellant claimed that "Respondents' refusal to remove [Appellant]'s prior 120–day prison commitment will result in irreparable harm by requiring him to serve a mandatory minimum of 40% on his current three and four year concurrent sentences rather than 0% with a properly calculated zero prior prison commitments."

Respondents subsequently filed a motion to dismiss Appellant's petition as moot, contending that, as of May 14, 2005, Appellant had already served forty percent of his sentence, the mandatory minimum for a prior offender. Respondents argued that any ruling by the circuit court would, therefore, have no consequence. On August 17, 2005, the court issued its Order and Judgment denying Appellant's writ petition as moot.

In his sole point on appeal, Appellant contends that the circuit court erred in determining that his claim was moot. Appellant argues that his completion of forty percent of his sentence does not render his claim moot because he wanted the inaccurate calculation corrected in his records, the inaccurate calculation was contrary to the law, and because that prior determination could have continuing collateral consequences in the future.

Before addressing Appellant's claims on appeal, we must consider Respondents' motion to dismiss this appeal. Respondents contend that this Court lacks jurisdiction to consider an appeal from the circuit court's denial of Appellant's writ motion.

"[T]he law is firmly established that no right of appeal lies from the circuit court's denial of a petition for an extraordinary writ outright." *Merrell v. Director of Revenue,* 82 S.W.3d 227, 230 (Mo.App. W.D. 2002). "When a circuit court denies a preliminary writ of mandamus, appeal is not proper; instead, the petitioner must file the writ in a higher court." *Delay v. Missouri Bd. of Prob. & Parole,* 174 S.W.3d 662, 664 (Mo.App. W.D.2005). "By contrast, where a preliminary writ is granted and the court then determines on the merits whether the writ should be made permanent, or quashed, then appeal is the proper remedy." *Wheat v. Missouri Bd. of Prob. & Parole,* 932 S.W.2d 835, 838 (Mo.App. W.D.1996). " 'Where the court below dismisses the petition following an-

446

swer or motion directed to the merits of the controversy and in doing so determines a question of fact or law' we will also treat the order as final and appealable." *Id.* (quoting *State ex rel. Schaefer v. Cleveland,* 847 S.W.2d 867, 870 (Mo.App. E.D. 1992)).

While the State filed a motion to dismiss with the circuit court, that motion was not directed at the merits of the controversy. The State sought to have Appellant's petition dismissed based upon the fact that his claim was moot, and the circuit court denied Appellant's writ petition on that basis.

"[M]ootness implicates the justiciability of a case...." *State ex rel. Acoff v. City of University City,* 180 S.W.3d 83, 84 (Mo. App. E.D.2005). "A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Elton v. Davis,* 123 S.W.3d 205, 214 (Mo.App. W.D.2003). " 'When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed.' " *State ex rel. Acoff,* 180 S.W.3d at 84–85 (quoting *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001)).

Thus, in concluding that Appellant's petition should be denied on the grounds that his claims were moot, the circuit court determined that it would be improper to address the merits of Appellants' claim because any such determination would have no practical effect. The court was expressly declining to address the merits of Appellant's claim.

"Because the circuit court ... dismissed [the writ] petition without reaching the merits of his petition, an appeal will not lie." *Merrell,* 82 S.W.3d at 230. "Because Appellant sought appeal and did not file the writ anew here, this court is without

jurisdiction and must dismiss the appeal." *State v. Oakes,* 84 S.W.3d 562, 564 (Mo. App. S.D.2002).

The appeal is dismissed.

All concur.